(36 South. 548.)

No. 14,823.

### LANDRY et ux. v. NEW ORLEANS SHIPWRIGHT CO., Limited, et al.[*]

(April 11, 1904.)

NEW TRIAL—CONDITIONS ON REFUSING—REMISSION OF EXCESS RECOVERY.

1. If the judge thinks that a new trial should be granted unless the amount of the verdict of

[*]Rehearing denied May 9, 1904.

the jury is reduced, there is nothing to prevent him from so announcing to the party in whose favor the verdict has been rendered, and affording him an opportunity to enter a remittitur.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Zenon P. Landry and wife against the New Orleans Shipwright Company, Limited, and others, to recover for death of plaintiffs' son. From a judgment refusing a new trial to defendants other than the shipwright company, on condition that plaintiffs enter a remittitur reducing the amount of the verdict, said defendants appeal. Affirmed.

Clegg & Quintero, for appellants. William S. Benedict, Oramel Hinckley Simpson, and Robert Guy Dugué, for appellees Landry. Saunders & Gurley, for appellee New Orleans Shipwright Co., Limited.

PROVOSTY, J. The plaintiffs bring this suit in damages against the shipwright company and the owners of the tugboat Leo in solido for the death of plaintiffs' son, who was drowned at the head of Canal street, either by stepping into the river while attempting to board the boat—which is the version of defendants' witnesses—or, according to plaintiffs' witnesses, by being pitched overboard as the effect of a collision between a barge to which the tug had been moored and the projecting ends of some pieces of timber upon which the young man was seated at the stern of the boat as it was moving off.

On the merits the whole case depends upon which set of witnesses is believed. The jury and the judge below, who saw and heard the witnesses, gave credence to those on plaintiffs' side, and so shall we. To refer to the testimony in detail would serve no useful purpose.

In passing upon defendants' application for new trial against a verdict for $10,000, the judge granted a new trial as to the ship-

wright company, and announced that he would grant a new trial as to the other defendants unless plaintiffs entered a remittitur reducing the verdict to $2,500, and plaintiffs did so, and the new trial was thereupon refused to the other defendants. These defendants complain of this action of the judge. They say that article 541, Code Prac., provides that the judge "must either give judgment on the verdict, or grant a new trial"; and that in this case the judge did neither, but "amended the verdict, and gave judgment pursuant to his own views." Counsel lay great stress upon the use of the word "must" in article 541, and add that, since articles 547 and 548 deny to the judge the right to amend in this way his own judgments, a fortiori they deny to him the right to change the verdict of the jury; and, finally, that article 560 requires the judge to grant a new trial "if the judgment appear clearly contrary to law and evidence," and that this was the case in the present instance, as shown by the action of the judge in amending the verdict.

Defendants do not question the validity of the verdict for $10,000. They do not say that any mere threats of the judge to set this verdict aside could invalidate it. They do not question the right of plaintiffs to reduce the verdict by a remittitur. They do not say that, if the remittitur had been entered before the judge had given utterance to his views regarding what should be the amount of the verdict, the order refusing the new trial would not have been perfectly legal and regular. Their complaint, therefore, in last analysis, resolves itself into saying that the judge talked too much; that he should have kept his own counsel, and not have made known his views to plaintiffs, thereby affording them an opportunity to enter a remittitur.

Evidently, such matters must be left to the good judgment and discretion of judges. In the present instance the discretion, as is shown by the result on this appeal, was very opportunely and wisely exercised.

Judgment affirmed.