FRUGÉ, Judge.
This appeal is from a consolidated trial of two suits for personal injuries arising out of a rear-end collision. The only issue presented is whether or not the awards made by the jury and as increased by the trial judge by an additur are excessive.[1] We affirm.
Briefly, the facts of the case are as follows. Both plaintiffs were waiting in a taxi at an intersection signal when defendant’s truck struck the rear end of the vehicle they occupied.
The only issue presented in this appeal is whether the award is excessive. However, an argument has been made that the trial court was in error by increasing the jury award by an additur. Appellant contends the trial judge is bound by the same rules of review as an appellate court. But that cannot be. Article 1813 of the Code of Civil Procedure establishes the trial judge’s authority to increase or decrease a jury verdict, where he otherwise would grant a new trial and does not purport to place upon the trial judge an appellate role. By this same token we do not find that it is incumbent upon this court to make a double evaluation in reviewing a verdict of a jury raised or lowered by a judge.
The injuries sustained by Ned were a strain of the cervical region, a contusion of the scalp, a whiplash of the spine from the thoracic to the lumbar area, and a severe contusion of the chest. Plaintiff underwent conservative treatment by his physician until he experienced neurotic complications which aggravated his condition to the extent that he had to be hospitalized for a period of 22 days. This condition persisted for a period of several months, and during this time, plaintiff endured considerable pain and suffering, notwithstanding the consumption of a large amount of pain relievers and muscle relaxers.
During this time plaintiff’s depressions manifest itself in inability to sleep, loss of appetite, crying spells, and avoidance of people.
*147 Considerable effort has been made on the part of the defendant to attribute plaintiff’s neurotic condition to other factors, principally the fear of being inducted into the armed forces. However, there is in the record sufficient expert testimony that such a condition could not be attributed to that fear nor other similarly isolated instances. The psychiatrist attributed at least a substantial portion of the neurotic complication to the impact and physical injuries of the accident.
After undergoing psychiatric treatment, plaintiff was able to return to work as early as October, 1969, and was able to recover before the trial from his injuries. Overall, the evidence reveals that plaintiff was badly injured and suffered considerably.
The medical bills, as produced in the record, total $3,795.56, which leaves only $7,543.44 of the judgment to compensate plaintiff for his personal injuries. In view of the facts of this case, we do not think that this figure is excessive.
For the foregoing reasons, the judgment appealed from is affirmed. The appellant ■to pay the costs of the appeal.
Affirmed.

. In this case the jury awarded plaintiff $7,339, and the trial judge increased the amount by an additur of $4,000 in lieu of granting a new trial.