291 So.2d 505 (1974)
Clarence A. PARKS et ux., Plaintiffs-Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 12211.
Court of Appeal of Louisiana, Second Circuit.
January 8, 1974.
Rehearing Denied February 12, 1974.
*506 Godfrey & O'Neal, Many, for plaintiffs-appellants.
Mayer & Smith by Alex F. Smith, Jr., Shreveport, for defendants-appellees.
Before PRICE, HALL and WILLIAMS, JJ.
HALL, Judge.
The issues presented by this appeal relate to remittitur under LSA-Code of Civil Procedure Article 1813 and to the amount of damages recoverable by parents for the death of a child.
Plaintiffs, Clarence A. Parks and his wife, Mildred Parks, sued Maynard E. Cush and his liability insurer, Liberty Mutual Insurance Company, for damages arising out of the death of the Parks' seventeen year old son, Larry A. Parks, who was killed when the automobile he was driving collided with an automobile being driven by Cush's minor son.
The case was tried on issues of liability and quantum before a jury, which returned a verdict in favor of Mrs. Parks for $75,000 and in favor of Mr. Parks for $78,300 ($75,000 plus $3,300 special damages). Judgment was rendered and signed in accordance with the jury verdict. Defendants filed a Motion for Remittitur and Alternatively for New Trial, pursuant to which the trial court ordered a remittitur of $50,000 by each plaintiff or otherwise the granting of a new trial.
Plaintiffs filed an acceptance of the remittitur in lieu of a new trial under protest and with full reservation of their rights to appeal or to answer any appeal. Judgment was accordingly rendered and signed in favor of Mrs. Parks for $25,000 and in favor of Mr. Parks for $28,300. Plaintiffs appealed.
On appeal plaintiffs contend the trial court did not have authority to order a remittitur under LSA-C.C.P. Art. 1813 for the reason that the amount of the excess or inadequacy of the verdict for general damages in a wrongful death action cannot be "separately and fairly ascertained" as required by Article 1813. Plaintiffs then contend that if the remittitur was improper, the judgment rendered in accordance therewith should be set aside, leaving in effect the original judgment rendered in accordance with the jury's verdict, from which there was no appeal by defendants. Plaintiffs further contend, alternatively, that the jury's verdict was not excessive, but should this court determine otherwise, *507 then the amounts to be awarded should be fixed by this court under its appellate power of review, giving due consideration to the jury's "much discretion".
Defendants filed a motion to dismiss plaintiffs' appeal on the ground that plaintiffs lost their right to appeal by consenting to the remittitur. On the merits of the appeal, defendants contend the trial court properly exercised its discretion under LSA-C.C.P. Art. 1813 in ordering a remittitur as an alternative to a new trial, the jury's verdict being clearly excessive. Defendants further contend the awards of $25,000 general damages to each parent are adequate and in line with prior cases.
MOTION TO DISMISS APPEAL
Defendants urge plaintiffs are precluded from appealing from the judgment of the district court because they consented to the order of remittitur as an alternative to a new trial. Plaintiffs accepted the remittitur under protest and with full reservation of their rights to appeal or answer any appeal. Consent to a remittitur in lieu of a new trial with reservation of the right to appeal does not amount to a voluntary or unconditional acquiescence in a judgment which precludes an appeal under LSA-C.C.P. Art. 2085. No authority is cited in support of defendants' motion. The jurisprudence is contrary. See Spizer v. Dixie Brewing Co., 210 So.2d 528 (La. App. 4th Cir. 1968); Robison v. Garnett, 238 So.2d 58 (La.App. 1st Cir. 1970), writs ref. 256 La. 879, 239 So.2d 540 (1970), 256 La. 882, 239 So.2d 541 (1970). Accordingly, the motion to dismiss is overruled.
REMITTITUR
LSA-C.C.P. Art. 1813 provides:
"If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith."
Under Article 1813, if the trial court is of the opinion the verdict is so excessive a new trial should be granted, it may, in its discretion, order a remittitur as an alternative to a new trial. However, the Article sets forth two specific requirements which must be met before a remittitur may be entered, namely:
(1) The consent of the plaintiff or defendant as the case may be; and
(2) The amount of the excess or inadequacy of the verdict can be separately and fairly ascertained.
Plaintiffs argue that the amount of excess of a verdict for general damages such as pain and suffering or loss of love, companionship and affection in a personal injury suit or a wrongful death action, cannot be "separately and fairly ascertained", in view of the much discretion allowed to the trier of fact in assessing such damages under LSA-Civil Code Art. 1934(3).
Although the position urged by plaintiffs has never been raised in any of the reported Louisiana cases dealing with remittitur, all or most of which involved general damages, we believe the position to be sound and well taken.
Prior to the adoption of the Code of Civil Procedure in 1960, there was no statutory authority for remittitur in Louisiana. However, the concept was jurisprudential recognized. See Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L. Ed. 603 (1935); Landry v. New Orleans Shipwright Co., 112 La. 515, 36 So. 548 (1904); Reems v. New Orleans G.N.R. *508 Co., 126 La. 511, 52 So.2d 681 (1910); Jenkins v. American Automobile Insurance Company, 111 So.2d 837 (La.App. 2d Cir. 1959).
The cases dealing with remittitur prior to 1960 apparently accepted the theory that remittitur was proper in connection with a jury verdict for general damages, although the issue does not appear to have ever been squarely raised.
In other jurisdictions consideration has frequently been given by the courts to the question of whether a remittitur is permissible practice where the amount to which the plaintiff is entitled to recover is not computable or ascertainable in accordance with some definite rule or standard. In some jurisdictions the view obtains that the trial court may not allow remittiturs where there is no basis of computation, but must in such cases grant a new trial unconditionally. On the other hand, according to many authorities, an order denying a motion for a new trial on condition that the successful party remit a certain part of the verdict may be made by the trial court notwithstanding the fact that the remaining part of the award cannot be computed or ascertained definitely from the evidence. See 58 Am.Jur.2d, New Trial, Section 226.
LSA-C.C.P. Art. 1813 was adopted in 1960 as a new provision of procedural law. In providing that a remittitur is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained, the redactors of the code adopted the rule first stated above that a remittitur is not available where the amount to which the plaintiff is entitled to recover is not computable or ascertainable in accordance with some definite rule or standard.
Under LSA-Civil Code Art. 1934 (3) and the jurisprudence, the trier of fact is vested with much discretion in fixing the amount of damages to which a plaintiff is entitled in a tort action. Appellate courts, while constitutionally required to review the law and facts, are not to disturb the award of the trier of fact in the absence of an abuse of that much discretion. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) and its progeny. Prior cases may only be referred to as a guideline in determining whether or not the trier of fact has abused its much discretion.
The excess or inadequacy of a verdict awarding damages for pain and suffering or for loss of love, affection and companionship, under the principles mentioned above, are not susceptible of being "separately and fairly ascertained". Stated otherwise, such damages are not computable or ascertainable in accordance with some definite rule or standard. Consequently, under the express provisions of LSA-C.C. P. Art. 1813, a remittitur is not to be entered in such a case.
The requirement of LSA-C.C.P. Art. 1813 that a remittitur can only be entered if the amount of the excess or inadequacy can be fairly and separately ascertained is consistent with the Louisiana scheme of appellate review of facts as well as law, which scheme renders remittitur by a trial court in a matter of general damages almost academic and of little consequence. See Jenkins v. American Automobile Insurance Co., supra.
We, therefore, hold that LSA-C.C. P. Art. 1813 does not authorize a remittitur by the trial court in the instant wrongful death action. It was within the discretion of the trial court to grant a new trial but the entering of a remittitur was not proper.
Although we hold the trial court was without authority to order a remittitur and consequently the judgment entered in accordance with the remittitur is incorrect, this holding does not have the effect, as contended by plaintiffs, of reinstating the judgment rendered in accordance with the jury's verdict. The judgment rendered in accordance with the remittitur is the final *509 judgment of the district court from which plaintiff perfected an appeal, bringing before this court all issues within the scope of the appeal, and specifically the issue of quantum. We could set aside the judgment rendered in accordance with the remittitur and remand the case to the district court, whereupon the district court could either exercise its discretion to grant a new trial or render judgment in accordance with the jury's verdict, in which case we would certainly be faced ultimately with another appeal on the issue of quantum. There is no need to follow such a circuitous route when the case is properly before us on appeal on the quantum issue.
QUANTUM
At the time of his death, Larry Parks was seventeen years of age. He was the Parks' only son, but the Parks have a young daughter, Debra, living at home with them and two married daughters who live in Shreveport. Larry was the last male in the family bearing the Parks' name. Larry had a close relationship with his family and was protective of his younger sister. Mrs. Parks did not drive and Larry ran errands for her. He was interested in music and played in the band in junior high school and high school. He earned his own spending money and with his own earnings was paying for the car which he was driving at the time of the accident. Larry attended church regularly. He did not go out at night very often and usually spent his evenings with his family. The loss to his parents was tragic and immeasurable in dollars.
In approaching the quantum issue, the appellate role is to determine whether or not the trier of factthe juryabused its much discretion in awarding each parent $75,000 general damages. In determining whether or not the jury abused its much discretion, it is appropriate to give consideration to other similar cases. As stated in Womax v. Earl Gibbon Transport, Inc., 226 So.2d 573 (La.App. 4th Cir. 1969), there should be some reasonable relativity (even if not uniformity) among wrongful death awards to parents.
In a recent strikingly similar case, Bailes v. Casualty Reciprocal Exchange, 279 So. 2d 255 (La.App.2d Cir. 1973), this court, after reversing the trial court on the question of liability, awarded $25,000 to each parent of a teenage son who was killed in a motorcycle accident. The son was an industrious, conscientious young man who had a close relationship with his family. There were other children in the family.
A few months earlier, in Poston v. Firemen's Insurance Co. of Newark, N. J., 256 So.2d 700 (La.App. 2d Cir. 1972), this court affirmed a jury verdict of $35,000 to the mother of a nineteen year old son. The mother was divorced and she and the son, her only child, lived together and had an unusually close relationship.
In Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir. 1973), the court affirmed an award of $40,000 to each parent for the loss of each of three children killed in a tragic accident. The parents in that case lost all three of their children in the one accident.
We find the jury in the instant case abused its discretion in awarding each parent $75,000 general damages. In reducing the awards to the upper limits of the jury's discretion, we are not inclined to go below the highest amount previously awarded to a parent for the death of a single child. The award, therefore, is fixed at the amount of $35,000 general damages for each parent.
For the reasons assigned, the judgment of the district court is amended and recast as follows:
It is ordered, adjudged and decreed, that there be judgment herein in favor of Clarence A. Parks and against Liberty Mutual Insurance Company and Maynard E. Cush in solido, in the full sum of Thirty-Eight Thousand Three Hundred ($38,300) Dollars, plus legal interest thereon from date of judicial demand until paid.
*510 It is further ordered, adjudged and decreed, that there be judgment herein in favor of Mildred Parks and against Liberty Mutual Insurance Company and Maynard E. Cush in solido, in the full sum of Thirty-Five Thousand ($35,000) Dollars, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed, that all costs, including the cost of appeal, are assessed against the defendants in solido.
Amended and recast.