306 So.2d 355 (1975)
Maurice Fred MILLER et al.
v.
CHICAGO INSURANCE COMPANY et al.
No. 4833.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 5, 1975.
Writ Granted March 31 1975.
*357 Davidson, Meaux, Onebane & Donohoe by Edward C. Abell, Jr., Lafayette, and Reggie, Harrington & Boswell by T. Barrett Harrington, Crowley, for defendants-appellants.
Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiffs-appellees.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Additur or, in the alternative, a new trial was ordered by the trial judge in this jury case. The defendant accepted the additur under protest and appealed. We are called on to consider both the scope of appellate review where additur has been ordered and the propriety of the action by the trial judge in the instant case.
As to the scope of review, this court has previously held in Ned v. Carolina Insurance Company, 254 So.2d 145 (La.App. 3 Cir. 1971) that we review the final award, that is, the amount of the judgment after additur or remittitur; and that we do not make a double evaluation. Ned is dispositive of the review issue.
However, in view of the contrary positions expressed by the Second Circuit in Parks v. Liberty Mutual Insurance Company, 291 So.2d 505 (La.App. 2 Cir. 1974) and by the First Circuit in Sukker v. Newsom, 264 So.2d 228 (La.App. 1 Cir. 1972), we choose to review the rationale of Ned in the context of the instant appeal.
Suit asking jury trial was originally filed by Maurice Fred Miller on behalf of his then minor daughter, Mamie Rene Miller, for her damages by way of personal injury and his damages in paying her medical expenses, all resulting from an automobile accident. The defendants, Fidelity and Casualty Company of New York and Continental Insurance Company, admitted liability but contested the issue of damages. Policy limits of $105,000 were stipulated, and the medical expenses to be allowed were also stipulated. Mamie Rene Miller attained the age of majority during the pendency of the proceedings and is now before the court in her own right, although her father remains plaintiff as to the medical expenses.
Following trial on the merits, the jury returned a verdict of $21,000 in favor of Mamie Rene Miller for her personal injuries, and in the amount stipulated, $2,243.47, in favor of Maurice Fred Miller, for her medical expenses.
Plaintiff, Mamie Rene Miller, then moved for an additur, contending that the damages awarded her were grossly inadequate, or alternatively, for a new trial.
After hearing the motion the trial judge ordered an additur of $20,000 or, in the alternative, a new trial.
Plaintiff, Ms. Miller, agreed to the additur but defendants accepted the additur under protest and with full reservation of their right to appeal or to take any other action which might be available to them under the law.
Defendants have now appealed, contending that the trial judge exceeded his authority in ordering the additur and basing their arguments principally on that portion of LSA-C.C.P. art. 1813 which refers to "separately and fairly" determining the amount of the additur or remittitur.
Both counsel for defendants and counsel for plaintiff have advanced interesting and persuasive arguments as to the various issues before the court and as to what questions must be resolved in order to decide the case. Rather than review all of the various arguments and possibilities, we prefer to consider the two basic issues:
(1) what is the scope of appellate review where additur or remittitur has been ordered as an alternative to new trial?
(2) was the trial court's order in the instant case within his authority?
*358 SCOPE OF APPELLATE REVIEW
Review of additur and remittitur is not an easy or uncomplicated task. Some of the difficulty encountered might be thought attributable to the insertion of a common-law device[1] into the Louisiana Civil law system. Even without the complications of our civil law heritage, the states which follow only the common law have had their difficulties with additur. One California judge observed that the decisions go "every which way on this subject." Dorsey v. Barba, 226 P.2d 677 at 684.
In Louisiana the authority of the trial judge to order additur or remittitur[2] is found in that portion of the Code of Procedure dealing with new trial. It is contained in LSA-C.C.P. art. 1813 which reads as follows:
Art. 1813. Remittitur or additur as alternative to new trial; reformation of verdict
If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.
It is apparent that under Article 1813 the authority of the trial judge is not absolute, that is, he cannot order an increase in the award without more. His authority is conditional; he may offer additur or the alternative of new trial. When he concludes that he would grant a new trial, therefore, he has the option as to offering an amendment to the award which the parties may either accept or decline.
Therefore, in our view, a fundamental consideration is the extent of the trial judge's authority to order a new trial. If he may require one or the other, it would follow logically that his power to order additur would be equal to his authority to order a new trial.
We believe that the authority of the trial judge to require an additur or to accept a new trial must be reviewed on exactly that basis, that is, whether the trial court could have ordered a new trial.
It is important to remember and to maintain the proper function of the jury, the trial judge, and the appellate court in our system of justice. This has been emphasized recently in Canter v. Koehring Co., 283 So.2d 716 (La., 1973) and the cases following the same principles of appellate review.
We have reviewed the Louisiana jurisprudence and we find substantial agreement among the appellate courts on the authority to grant new trial.
NEW TRIAL
There is agreement in the jurisprudence that the trial court has the obligation to see that justice is done, that new trial is one of the techniques for achieving the ends of justice, that the discretion is very broad and that it must not be reversed unless there has been a clear abuse.

*359 This court has said in the past:
"The trial court has virtually unlimited discretion to order a new trial, even on its own motion, when it is convinced that a miscarriage of justice has resulted." Renz v. Texas & Pacific Railway Co., 138 So.2d 114, at 124 (La.App. 3 Cir. 1962)
The fourth circuit has noted a "wide discretion" in the granting of new trials by the trial judge.
"The appellate courts will not interfere in such a matter unless there has been a clear abuse of this discretion." Strobel v. Schlegel, 145 So.2d 664, at 667 (La. App. 4 Cir. 1962).
For an early but very forceful statement of the authority and duty of the trial judge to order a new trial in a remittitur situation, see Burt v. Shreveport Ry. Co., 142 La. 308, 76 So. 723 (1917).
All of this is in aid of the fundamental responsibility of the courts which have been described as follows:
"It is the duty of the courts, whether trial or appellate, to see that justice is done between the litigants and where the court believes the verdict is unauthorized and unjust, a new trial should be granted." Smith v. Parker, 59 So.2d 718 at 722 (La.App. 2 Cir. 1952).
Bearing in mind the rules announced by the cited authorities, we conclude that our review of the trial court's action is to determine whether there was a clear abuse of his wide discretion in ordering either additur or new trial in this case.
We are aware that our holding is contrary to the thoughtful opinion by Judge Hall of the Second Circuit in Parks v. Liberty Mutual Ins. Co., 291 So.2d 505 (La. App. 2 Cir. 1974). In that case, it was concluded that it is impossible for the trial judge to separately and fairly ascertain the amount of damages to parents for the loss of a child. However, the Second Circuit proceeded to find that the appellate court could determine the proper amount of damages to be awarded, presumably separately and fairly ascertaining the amount in question. There is a fallacy in the logic of the procedure used, in our opinion.
As noted above, this court has determined in a prior case that the trial court may increase a jury award for general damages by an additur. We follow and re-affirm the case of Ned v. Carolina Insurance Company, 254 So.2d 145 (La.App. 3 Cir. 1971) from which we quote as follows:
"[1] The only issue presented in this appeal is whether the award is excessive. However, an argument has been made that the trial court was in error by increasing the jury award by an additur. Appellant contends the trial judge is bound by the same rules of review as an appellate court. But that cannot be. Article 1813 of the Code of Civil Procedure establishes the trial judge's authority to increase or decrease a jury verdict, where he otherwise would grant a new trial and does not purport to place upon the trial judge an appellate role. By this same token we do not find that it is incumbent upon this court to make a double evaluation in reviewing a verdict of a jury raised or lowered by a judge." 254 So.2d 146.
We have adopted the view that the trial judge can fairly and separately determine whether the amount of general damages is so inadequate as to require additur or new trial. We continue to hold that view.
Thus, we find that it is necessary only to review the final amount of the judgment to determine whether it is within the "much discretion" contemplated by LSA-C.C. Art. 1934.
The argument has been made that the appellate court must examine only the award made by the jury and if it is within the range of discretion, then the additur *360 must be ignored, the thought being that to do otherwise is to impair the "integrity of the jury verdict". Sukker v. Newsom, 264 So.2d 228 at 230 (La.App. 1 Cir. 1972); Robison v. Garnett, 238 So.2d 58 (La.App. 1 Cir. 1970).
However, this argument is not persuasive because an integral part of the jury system is the trial judge who, among other functions, hears all the witnesses, views and rules on the admissibility of all the evidence, instructs the jury, and determines whether the verdict is in accord with the law and evidence. He is in a position to determine whether the award is so inadequate as to require his action.
As the Louisiana Supreme Court has recently observed:
"The judge already has the power to set aside a jury decision with which he is not in accord ..." Champagne v. American Southern Insurance Company, 295 So.2d 437 (La. 1974).
Other cases recognize and give weight to the fact that a trial judge has left the jury award undisturbed.
"This award was allowed to stand by the trial judge although he had the authority to modify it." Jenkins v. Dixie Rental Tools & Casing Crews, Inc., 283 So.2d 271 (La.App. 1 Cir. 1973)
DISCRETION OF THE TRIAL COURT
The trial judge indicated that there were serious and compelling reasons why he believed the damages awarded plaintiff by the jury to be inadequate. In ruling on the motion, the trial court noted that it had reviewed many cases involving similar damages and that the awards varied from $35,000 to $100,000, sums which are considerably in excess of the amount awarded Miss Miller by the jury. The trial court further noted that plaintiff had severe injuries, including compression fractures of two vertebrae, injuries to her teeth, knees, arm and mouth. Additionally, the court emphasized the testimony of the attending orthopaedic surgeon who assigned 20% permanent disability to Miss Miller and who found that her disability would increase in the future because of two damaged intervertebrae discs and a lack of stability in the back which would ultimately result in a much more serious condition. The trial court concluded that the award made by the jury was "grossly inadequate". In view of these considerations, the trial court ordered an additur of $20,000 or, in the alternative that defendants declined to accept the additur, a new trial.
After examining the record we cannot say that the trial court clearly abused his discretion. We also find that the amount finally awarded, $41,000, appropriate to the injuries and disabilities sustained by the plaintiff, Mamie Rene Miller.
Additur or remittitur are devices to be used, in our opinion, sparingly and with restraint. However, where the trial judge, who has seen and heard the witnesses and the other evidence concludes that the award is so inadequate or so excessive that he would order a new trial, then his action in offering the parties an adjustment in the award as an alternative is proper.
For these reasons the judgment is affirmed at appellants' costs.
Affirmed.
DOMENGEAUX, J., dissents and assigns written reasons.
DOMENGEAUX, Judge (dissenting).
The significant issue herein is whether or not a trial judge may add to or take from a jury verdict for general damages (such as pain, suffering, and disability) in view of the restrictive language of LSA-CCP Art. 1813 which reads in pertinent part: "... and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately *361 and fairly ascertained ..." (emphasis added).
In this regard, the case of Parks v. Liberty Mutual Insurance Company, 291 So.2d 505 (La.App. 2nd Cir. 1974), writ refused 292 So.2d 240 (La. 1974) is squarely on point, wherein our brothers of the Second Circuit held that the excess or inadequacy of a jury verdict, which awarded general damages for pain and suffering, was not susceptible of being "separately and fairly ascertained" by the trial judge, as is required by LSA-CCP Art. 1813.
The majority in this case, however, concludes that the adequacy or inadequacy of general damages can be "separately and fairly ascertained" by the trial judge. The opinion bases this conclusion exclusively on this court's previous decision of Ned v. Carolina Insurance Company, 254 So.2d 145 (La.App. 3rd Cir. 1971).
I submit, however, that the issue now before us was neither raised, nor explicitly ruled upon in Ned and therefore Ned is not dispositive of this question. Ned instead dealt with the problem of whether a trial judge who examines a jury verdict for excessiveness or inadequacy (under the power of remittitur or additur as an alternative to a new trial) is bound by the same rule of review as an appellate court, i. e., "manifest error". If the question of the authority vel non of a trial judge to add to or remit from a jury award for general damages under LSA-CCP Art. 1813, had been raised in Ned, I opine that our conclusion therein might have been different.
I affirm that Parks is the correct interpretation of LSA-CCP Art. 1813. If this were not the case, the aforementioned language "... only if the amount of the excess or inadequacy ... can be separately and fairly ascertained ..." (emphasis added) would have no purpose or effect.
The majority finds fallacy in the logic of the procedure used in Parks under a premise that Parks stands for the proposition that a trial judge could not "separately and fairly" ascertain the excessiveness or inadequacy of a jury verdict for general damages, while appellate courts can. I do not agree with this interpretation of Parks. Parks merely stated that the issue of quantum was before the court, on appeal, and the court then reviewed whether or not the jury as trier of fact abused its discretion (or was manifestly erroneous) in awarding the amount of general damages. The appellate court's role was not to "separately and fairly" ascertain the excessiveness or inadequacy of the jury verdict.
In my opinion, we should void the additur herein, and proceed, as was done in Parks, to determine, under appellate rules of review, whether or not the jury award of $21,000.00 for general damages should be increased.
For the foregoing reasons I respectfully dissent.
NOTES
[1] Note that the U. S. Supreme Court held five to four that additur was not allowed under the English common law at the time the United States Constitution was adopted, the theory being that it violates the right to jury trial. Dimmick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935).
[2] Although some other jurisdictions make a considerable distinction between additur and remittitur, Louisiana treats them alike. We will confine our treatment to additur, noting that the same rules would obtain as to remittitur.