CHEHARDY, Judge.
Plaintiffs, Sandra Malbrough, wife of and Bernard Malbrough, individually and on behalf of their minor children, Michelle and Rose Malbrough, appeal a trial court decision in favor of Sandra Malbrough and against defendants, George Pascal and National Car Rental System, Inc.,[1] in the sum of $5,000, together with legal interest from date of judicial demand and all costs of the proceedings. Judgment was also rendered in favor of Bernard Malbrough and against the defendants in the sum of $970.98. The demands of Bernard Malbrough on behalf of his minor children were dismissed at his costs.
Defendants have answered the appeal, asking that the judgment of the district court in favor of the plaintiffs, Sandra Malbrough and Bernard Malbrough, be reversed.
The record indicates that on the morning of April 29,1977 the plaintiff Sandra Malb-rough was operating her vehicle, a 1969 Lincoln, on Williams Boulevard in Kenner, Louisiana, when she lightly hit the car in front of her when traffic came to a sudden stop. As she attempted to exit from her car, it was hit from the rear by a vehicle driven by George Pascal, one of the defendants, resulting in injuries complained of in this suit. Although two of Mrs. Malb-rough’s children were passengers in the car at the time of the accident, no evidence was produced at trial of any injuries sustained by them as a result of the collision.
Mrs. Malbrough testified that on the evening of the accident she began experiencing stiffness extending from her neck down to her lower back, and the next day this pain increased, resulting in her consulting Dr. Robert L. Mimeles, an orthopedist.
Dr. Mimeles testified that his examination revealed Mrs. Malbrough had sustained a sprain to the musculature in the neck and lower back and a bruise to the left lower leg; however, he added her X rays were normal with regard to any fractures, dislocations or pathology and that he did not find evidence of a ruptured disk or pinched nerve during the time he treated her, consisting of four or five office visits. Accordingly, he prescribed muscle relaxants, pain pills and several physical therapy treatments.
Although Dr. Mimeles instructed Mrs. Malbrough in May of 1977 to return to the clinic in ten days, he did not see her again until November of the same year, at which time she complained of pains going into her legs, a symptom which, according to his records, had been previously absent. He added that although burning numbness into the legs could be typical of nerve root irritation, he could discover no objective findings of that condition, such as muscle atrophy, and it was his opinion that at no time when he was treating her did she evidence disc pathology.
*817 Dr. Stuart Phillips, an orthopedic surgeon who first saw Mrs. Malbrough in March of 1978, diagnosed her as having a ruptured disc at that time. He added, however, that if Mrs. Malbrough had been free of symptoms between May and November of 1977, this would indicate the accident was probably not the cause of the disc problem. Dr. Phillips estimated Mrs. Malbrough’s physical impairment to be approximately 30% regarding her general functioning, and approximately 10% in regard to her activities as a secretary; he added that there was a 51% chance of improvement of her condition with surgery and that, even without surgery, such patients tend to improve, although the process is slow.
Dr. William C. Chapel, Sr., a chiropractor, testified he had treated Mrs. Malbrough for pain in the left leg from May to July of 1978. He said that on her last visit she was almost symptom free and indicated that she only had an occasional “twinge” of pain. He explained his treatment of the plaintiff consisted of chiropractic manipulation and diathermy; his records also revealed that she had stated she had only had the condition seven months, since October of 1977.
Both Mrs. Malbrough and her husband testified she had no back problems prior to the April 1977 accident, and Mrs. Malb-rough said she experienced her leg and back problems since that time, although they became worse in November of 1977. At the time of trial she said she was not considering surgery.
In his reasons for judgment, the district court judge concluded the plaintiff “may or may not” have a ruptured disc; however, since the evidence indicated that she had pain in her back for at least one year after the accident and up until the time of a second accident in which she was involved (in April of 1978), the court was of the opinion that $5,000 was adequate compensation for the injuries proven.
We agree. After looking to the effect of the particular proven injuries suffered by Mrs. Malbrough we do not find that abuse of the trial court’s “much discretion” that would allow this court to disturb the damages allowed by the trial judge. Reck v. Stevens, 373 So.2d 498 (La.1979). Since the medical testimony elicited at trial regarding the existence of a ruptured disc was contradictory among Mrs. Malbrough’s several attending physicians, we conclude the trial court was correct in limiting the award to those physical injuries actually established by a preponderance of the evidence. Furthermore, since Mrs. Malbrough is able to maintain employment, drive a car and perform light housework, as well as accompany her family on outings and vacations, and since she has not needed to undergo surgery for her condition nor suffered any physical disfigurement, we hold the award of the district court was both just and adequate.
Even if this court were to look to the cases cited by the plaintiff in support of her request for an increase in damages, such as Spain v. Travelers Indemnity Company, 321 So.2d 10 (La.App. 3d Cir. 1975); Miller v. Chicago Insurance Company, 306 So.2d 355 (La.App. 3d Cir. 1975); Reeves v. Louisiana and Arkansas Railway Co., 304 So.2d 370 (La.App. 1st Cir. 1974); and Pope v. St. Paul Fire & Marine Insurance Company, 299 So.2d 863 (La.App. 2d Cir. 1974), we would have to find these cases distinguishable on the facts as they involved plaintiffs with much more extensive injuries than those of Mrs. Malbrough.
Defendants suggest in their brief “ * * * Plaintiff’s negligence was a contributing factor. It is obvious from a reading of her testimony that she was negligent in striking the car in front of her and that her negligence in striking that car created the situation in which the accident occurred.”
A reading of the record does not sustain defendants’ position. The record supports the finding of the trial court that the plaintiff’s accidental bumping of the car in front of her did not cause the accident with Pascal’s car nor the damages suffered by Mrs. Malbrough.
For the reasons assigned, the district court decision is affirmed in all respects.
AFFIRMED.

. The original judgment was amended, striking National Car Rental System, Inc., from the decree and substituting the name of The Travelers Insurance Company.