DOMENGEAUX, Judge.
This is a companion suit to Doty v. Safeco Insurance Company, 400 So.2d 718 (La. App.3rd Cir. 1981) (# 8206). Therein we affirmed the trial court’s findings that (1) Todd Theriot alone was negligent in causing the accident of March 24, 1979, and (2) Bituminous Casualty Company insured the Theriots against the accident under the comprehensive general liability portion of a policy issued to Joseph Theriot (Todd’s father and the owner of the truck), and was therefore responsible, along with the Theri-ots and Safeco Insurance Company, for paying the losses incurred by those injured as a result of Todd Theriot’s negligence.
In the instant case, the court rendered judgment in favor of Billy and Iona Chau-doir and against Bituminous in the amount of $37,655.50 for the wrongful death of their minor daughter, Pamela Sue. Judgment was also awarded to Jennifer Chau-doir against Bituminous in the amount of $21,495.93 for injuries she suffered in the accident.
Billy and Iona Chaudoir answered Bituminous’ appeal and seek to increase the trial court’s award to $70,000.00. Jennifer Chaudoir has not answered the appeal so the judgment in her favor of $21,495.93 is affirmed.
*731 Pamela Sue Chaudoir was a 17 year old high school student who was living with her parents at the time of her unfortunate death. As a result of massive head injuries, she died immediately or shortly after the accident. From the testimony elicited, the trial court concluded that a very close relationship existed between Pamela Sue and her parents, and that Billy and Iona have suffered and continue to suffer a great sense of loss and grief. Consequently, the court awarded $40,000.00 to the Chaudoirs for the wrongful death of their daughter.[1]
The Chaudoirs argue that there should be uniformity among wrongful death awards to parents, and cite Parks v. Liberty Mutual Insurance Company, 291 So.2d 505 (La. App.2nd Cir. 1974), writ denied 292 So.2d 240 (La.1974), in support of their contention. In Parks, the Court of Appeal found that the jury abused its discretion in awarding each parent $75,000.00 in general damages for the wrongful death of their 17 year old son. After considering recent similar cases, the Court reduced the award to the upper limits of the jury’s discretion, amounts which the Court felt were equal to the highest amount previously awarded to a parent for the death of a single child — $35,-000.00 for each parent.
Apart from citing the Parks case, the Chaudoirs have offered nothing which would suggest that the trial court abused its discretion in awarding them $40,000.00 or $20,000.00 for each parent. Although the $40,000.00 award may be towards the lower end of the trial court’s “much discretion” spectrum, if awards in “similar” cases are considered,[2] we feel constrained to heed our Supreme Court’s admonition against tampering with a trial court’s award unless the facts disclose a clear abuse of that discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). Finding no such facts in the record before us, we will not disturb the award.
For the above reasons, and for the reasons stated in Doty v. Safeco Insurance Company, 400 So.2d 718 (La.App. 3rd Cir. 1981) (# 8206), the judgment of the district court is affirmed. Costs on appeal are assessed to Bituminous Casualty Company.

AFFIRMED.

. Since the Chaudoirs had previously released Safeco and the Theriots for $5,000.00, this amount was deducted from the $40,000.00 award to determine Bituminous’ liability. To the remainder "of $35,000.00 the court added the proven special damages to $2,655.50. Therefore, if the Chaudoirs were to succeed on appeal in increasing the award to $70,000.00, then Bituminous would be liable for only $67,655.50.

. In fact, the facts of this case are very similar to the facts in Bailes v. Casualty Reciprocal Exchange, 279 So.2d 255 (La.App.2nd Cir. 1973) wherein the parents of a teenage boy who was killed in a motorcycle accident were each awarded $25,000.00. Also, this Court has recently awarded $20,000.00 to each parent for the wrongful death of their major son with whom they enjoyed a close relationship. See Bond v. Jack, 387 So.2d 613 (La.App.3rd Cir. 1980).