ELLIS, Judge.
This case was tried before a jury on the question of quantum only, liability having been stipulated by the defendants. The jury brought in a verdict for the plaintiffs for $16,500.00, which included special damages stipulated at a total of $4,270.83. Plaintiffs applied for a new trial on the grounds that the award was inadequate, and that there was newly discovered evidence that Mrs. Sukker’s condition had worsened since the trial. After hearing argument, the trial judge ordered an addi-tur of $3,500.00, or, in the alternative, a new trial. The defendants accepted the additur, reserving their right to appeal from the judgment. After the judgment was signed, defendants appealed to this court. Plaintiffs answered the appeal asking that the award be increased to $25,000.00, or, in the alternative, that the matter be remanded to the trial court for a new trial based on the newly discovered evidence.
Turning first to the last point raised in the answer to the appeal, we note that the newly discovered evidence relied on is a report by one of the doctors who testified in the case on the results of a physical examination of Mrs. Sukker conducted by him three weeks after the trial. Such testimony is cumulative in nature and cannot form the basis for a new trial. Strobel v. Schlegel, 145 So.2d 664 (La.App. 4 Cir. 1962). Mrs. Sukker has been subjected to many physical examinations since she was injured on November 10, 1969, and there were substantial differences of opinion among the treating and examining physicians as to whether all of *229 her complaints arose from the accident. To grant a new trial because one of these physicians reports a deterioration in her condition, after trial, would be to prolong an already protracted litigation. Certainly no abuse of discretion on the part of the trial judge has been shown.
After reviewing the record herein, and the authorities relied on by the various parties, we have concluded that both the original verdict of $16,500.00 rendered by the jury, and the judgment for $20,000.00 signed by the judge, are within the broad range of discretion enjoyed by the trier of fact in fixing awards of damage. We therefore see little point in detailing the injuries suffered by Mrs. Sukker. We turn instead to the propriety of the action of the district judge in permitting an additur to the verdict of a jury which is itself not manifestly erroneous.
Article 1813 of the Code of Civil Procedure reads as follows:
“If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.”
In Ned v. Carolina Insurance Co., 254 So.2d 145 (La.App. 3 Cir. 1971), the court was reviewing a case in which the trial judge granted an additur of $4,000.00 to a jury verdict for $7,339.00 and said:
“The only issue presented in this appeal is whether the award is excessive. However, an argument has been made that the trial court was in error by increasing the jury award by an additur. Appellant contends the trial judge is bound by the same rules of review as an appellate court. But that cannot be. Article 1813 of the Code of Civil Procedure establishes the trial judge’s authority to increase or decrease a jury verdict, where he otherwise would grant a new trial and does not purport to place upon the trial judge an appellate role. By this same token, we do not find that it is incumbent upon this court to make a double evaluation in reviewing a verdict of a jury raised or lowered by a judge.”
In the case of Robison v. Garnett, 238 So.2d 58 (La.App. 1 Cir. 1970), this court was reviewing a case in which the trial judge reduced a jury’s verdict of $70,000.-00 for pain and suffering to $60,000.00, and its award of $130,000.00 for future loss of wages to $50,000.00. With respect to the former reduction, we said:
“It suffices to say that considering the totality of the injuries sustained by plaintiff with the resulting complications and attending pain and suffering, the award by the jury of $70,000.00 was not an abuse of its discretion. C.C. Article 1934. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). It is for this reason that we feel compelled to reinstate this portion of the jury award and to disallow the $10,000.00 reduction ordered by the trial judge.”
With respect to the reduction of the award for future loss of wages, we said:
“We here can do one of three things: uphold the jury award, affirm the trial judge’s decision, or inject our independent appraisal of the evidence and make our own award. We do not choose to do the latter because in our opinion the award of $130,000.00 by the jury under the particular facts of this case is grossly excessive and we do not determine that the reduction as imposed by the trial judge to the figure of $50,000.00 is an abuse of discretion on his part. It is for *230 this reason that we conclude that an award of $50,000.00 for loss of future wages is fair and equitable and is not unduly oppressive to either plaintiff or defendants and falls well within the range of awards made in other cases, which we have reviewed to determine that the trial judge’s award was not an abuse of discretion.”
In the case of Spizer v. Dixie Brewing Co., 210 So.2d 528 (La.App. 4 Cir. 1968), the trial judge reduced the jury verdict from $150,000.00 to $75,000.00. The appellate court reviewed both awards and found the jury verdict to be excessive, and the award made by the trial judge to be within the bounds of discretion.
The holdings of the above Robison and Spizer cases would seem to indicate that a trial judge does not have the authority to disturb a jury verdict which is within the bounds of its discretion. In reviewing his action in this respect, the appellate courts looked first to the propriety of the jury verdict, and second to the propriety of the award made by the judge after additur or remittitur.
On the other hand, in the Ned case, supra, the court took the position that it would review only the final judgment, and, if within the bounds of discretion, it would be affirmed, without reference to any addi-tur or remittitur ordered by the district judge.
We think the better view is that adopted by us in Robison v. Garnett, supra, since it preserves the integrity of the jury verdict, while according to the district judge authority to correct manifest errors in the awards made by juries.
In this case, since we are of the opinion that the award made by the jury was within the bounds of it’s discretion, we find that the trial judge exceeded his discretion by ordering an additur thereto, even though the final judgment was not without the bounds of discretion.
The judgment appealed from is therefore amended by reducing the gross amount thereof from $20,000.00 to $16,500.00, and, as amended, it is affirmed, at plaintiffs’ cost.
Amended and affirmed.