320 So.2d 134 (1975)
Maurice Fred MILLER et al.
v.
CHICAGO INSURANCE COMPANY et al.
No. 55987.
Supreme Court of Louisiana.
October 1, 1975.
April 30, 1975.
Rehearing Denied October 31, 1975.
*135 Edward C. Abell, Jr., Davidson, Meaux, Onebane, Donohoe, Bernard, Torian & Diaz, Lafayette, for defendants-applicants.
Homer Ed Barousse, Jr., Edwards, Stefanski & Barousse, Crowley, for plaintiffs-respondents.
DIXON, Justice.
This is a personal injury action filed by the plaintiff, Maurice Fred Miller, individually and on behalf of the minor, Mamie Rene Miller. The injury complained of occurred in an automobile accident on August 19, 1972. The defendant insurance company admitted liability and the issue of quantum was tried before a jury. The jury awarded plaintiff a judgment in the amount of $21,000 for general damages. The day after this judgment the plaintiff filed a motion requesting that the trial judge order an additur to raise the judgment to the sum of $50,000, or, alternatively, order a new trial. After a hearing on this motion the judge ordered an additur of $20,000, or, if the defendant refused to accept this, a new trial. The defendant then filed a document styled "Acceptance of Additur Under Protest," stating that the defendant accepted the additur of $20,000 but did so "under protest and with full reservation of their rights to appeal or answer in any appeal . . ." The defendant appealed to the Third Circuit Court of Appeal and plaintiff answered the appeal. The issues presented to that court concerned the propriety of the actions of the trial judge in this case and the scope of appellate review. Miller et al. v. Chicago Insurance Co., La.App., 306 So.2d 355 (1975). This court granted writs of certiorari because of the apparent conflict of the opinion in this case with a previous opinion of the Second Circuit on the issue of the proper interpretation of C.C.P. 1813 (Parks v. Liberty Mutual Insurance Co., 291 So.2d 505 (La.App. 2d Cir. 1974)), and because of the apparent conflict of this case with a previous opinion of the First Circuit concerning the proper method of review of judgments which are based on an additur or remittitur (Sukker v. Newsom, 264 So.2d 228 (La.App. 1st Cir. 1972)).
Before discussing these conflicting opinions of the circuit courts a broader problem presented by this case must be considered. The question is whether the issue of the proper amount of damages to be awarded in this case is properly before this court. The solution to this problem depends on whether the "acceptance" of the additur or remittitur by the affected parties constitutes a waiver of their right to raise this issue on appeal. Can a party, who has been ordered to accept a change in the judgment of the jury, or face a new *136 trial, accept the benefit of the change in judgment which allowed him to avoid the order of a new trial, and then appeal that change in judgment? We think that under the facts of this case, the defendant is precluded from appealing the issue of quantum after accepting the additur imposed by the trial judge in lieu of a new trial.[1]
The Louisiana Code of Civil Procedure provides for both additur and remittitur of judgments in cases tried before a jury. As in the federal system,[2] and other state systems, this procedure is connected with the procedures concerning new trials. In Louisiana the trial judge has great discretion in ordering or denying new trials.[3] Moreover, an order granting or denying a new trial is not appealable, but is reviewable under the appellate courts' supervisory jurisdiction for abuse of discretion.[4] However, it is only when the trial judge is of the opinion that a new trial should be ordered because the verdict is excessive or inadequate that remittitur or additur is available as a means of avoiding a new trial.
C.C.P. 1813 provides:
"If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith."
The redactors comments under this article indicate that the idea of additur and remittitur had grown up as a matter of practice without statutory authority. The system of additur and remittitur chosen was one recommended by Arthur Vanderbilt in Minimum Standards of Judicial Administration (New York University, 1949). Vanderbilt was interested in streamlined, efficient procedures for judicial administration. The purpose of the statutory authority for additur and remittitur was to avoid new trials and promote judicial efficiency. This is confirmed by McMahon in his article on the Code of Civil Procedure, 21 La.L.Rev. 1, at 35 (1960).
The Louisiana statutory scheme requires the consent of the party adversely affected by an additur or remittitur. The party is offered an opportunity, when asked by the trial judge, to agree to a change in the judgment, thereby avoiding the expense and delay of a new trial. The order of an additur or remittitur is therefore contingent; if the party does not agree to the change, he elects to submit to a new trial. Therefore, in consenting to the additur or remittitur, a party in effect *137 agrees to promote judicial efficiency by binding himself to a fixed quantum. It would be inconsistent with the purpose of the system to allow the consenting party to raise the quantum issue on appeal, should the consenting party appeal.
At common law, the well established rule was that the party who accepted the remittitur[5] was bound by his election and could not thereafter raise the issue of the correctness of the quantum award. This was so even if the other party appealed the amended award seeking a further change in the judgment.[6]
Our research has uncovered only one jurisdiction which allows the procedure followed by the defendant in this case. The federal Fifth Circuit Court of Appeals has held that if the plaintiff accepts the remittitur under protest he can appeal the issue of quantum to the appellate court. Steinberg v. Indemnity Ins. Co. of North America, 364 F.2d 266 (5th Cir. 1966).
The Seventh Circuit has expressly refused to follow this rule. Collum v. Butler, 421 F.2d 1257 (7th Cir. 1970); Casko v. Elgin, Joliet and Eastern Ry. Co., 361 F.2d 748 (7th Cir. 1966). The Second Circuit has also followed the traditional rule. Mattox v. News Syndicate Co., 176 F.2d 897 (2d Cir. 1949). Several state courts have recently re-examined the traditional common law rule and have either rejected the right to raise the issue on appeal or have amended the rule as noted below.[7] None of the jurisdictions examined in our research has decided to follow the Fifth Circuit rule.[8]
The recent re-examination of the principle that the accepting party is bound by his election and cannot thereafter raise the quantum issue on appeal has been prompted by a decision of the Wisconsin Supreme Court which allowed the remitting party to raise the issue of quantum when the other party appealed the verdict. Plesko v. City of Milwaukee, 19 Wis.2d 210, 120 N.W.2d 130 (1963). In Plesko, the plaintiff sued for personal injuries and was awarded $9,950 by the trial jury. The trial judge issued an order for a new trial unless plaintiff accepted a remittitur reducing the judgment to $5,500. The Wisconsin Supreme Court had previously announced that it would follow the general common law rule forbidding the accepting party to raise this issue on appeal. Burmek v. Miller Brewing Co., 12 Wis.2d 405, 107 N.W. 2d 583 (1961). In Plesko the defendant appealed after the plaintiff had accepted the remittitur. The court held that when the opposing party appealed the case the plaintiff would be allowed to raise the issue of the propriety of the judge's action in ordering the remittitur. The court stated the following:
"The reasons motivating the majority to adopt the foregoing rule are these: The objective underlying the recommended procedure for granting an option to accept judgment for a reduced amount of damages in lieu of having a new trial, where the damages awarded by the jury are determined by the trial court to be excessive, is to avoid the delay and expense of an appeal or a new trial. In *138 most situations, it is likely that the party will accept judgment for such reduced damages rather than undergo the expense, delay, and uncertainty of result of an appeal or new trial. Nevertheless, if a party found liable to pay damages appeals the judgment resulting from the other party's accepting such reduced damages, this objective has been negatived. When plaintiff is forced to undergo an appeal by the action of an opposing party, after plaintiff has accepted judgment for such reduced damages, it seems unfair to prevent his having a review of the trial court's determination leading to the reduction in damages, especially if plaintiff has accepted same only to avoid the delay and expense attending an appeal. Furthermore, the new rule herein announced may to some extent discourage appeals by the party held liable because of the possibility that the party who has accepted judgment for the reduced damages may prevail on his motion for review and have the jury's verdict reinstated." (120 N.W.2d 130, at 135).
Several jurisdictions have decided to follow the Plesko rule since that decision. Schliessman v. Anderson, 31 A.D.2d 367, 298 N.Y.S.2d 646 (1969); Mulkerin v. Somerset Tire Service, Inc., 110 N.J.Super. 173, 264 A.2d 748 (1970); Jangula v. Klocek, 170 N.W.2d 587 (Minn.1969); Templeton Feed & Grain v. Ralston Purina Co., 69 Cal.2d 461, 72 Cal.Rptr. 344, 446 P. 2d 152 (1968) (approved in dicta). Other jurisdictions have refused to follow this rule, relying instead on the traditional common law rule that after the acceptance of the remittitur the plaintiff cannot raise the issue of quantum on appeal even if the other party does appeal the verdict. Hudson v. Otero, 80 N.M. 668, 459 P.2d 830 (1969); State v. Tuscon Title Ins. Co., 101 Ariz. 415, 420 P.2d 286 (1966). We feel the Wisconsin approach is a workable one and consistent with the purpose of the additur-remittitur device.
Two conflicts now exist between the circuit courts of this state. The first issue presented by this case is whether general damages are "separately and fairly" ascertainable within the meaning of C. C.P. 1813. Because article 1813 says that additur or remittitur "is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained," it is argued that additur and remittitur are available only when an item of damages has been included or excluded from the judgment erroneously.[9] This is not the meaning of the phrase.
Additur and remittitur are alternatives to granting a new trial. The provisions governing new trials are found in C.C.P. 1971 and following, but refer back to articles 1813 and 1814 or special provisions applicable to jury trials, which are treated in the Code of Civil Procedure in the final chapter of Title V (Trial); new trials generally are treated in Title VI (Judgments), chapter 4 (Modification in Trial Courts).
The Code of Civil Procedure articles on new trials made a change in the prior law. No longer is it necessary to grant a new trial on the whole case; a new trial can now be granted on "all or part of the issues." This change, according to the redactors comment (e) following C.C.P.1971, *139 incorporated the provisions of Federal Rule 59, which was a recommendation of the American Bar Association in its Committee on Trial Practice Report of July, 1938, at page 555. There it was urged that the power be exercised sparingly "and then only where the several issues are clearly and fairly separable." This appears to be the source of the provision that additur and remittitur are available only when the excess or inadequacy can be "separately and fairly ascertained." Thus it is clear that it was not intended that additur and remittitur be available only when an item of damages can be isolated and found to have been erroneously included or excluded, but that additur and remittitur are available if the issue of quantum is clearly and fairly separable from the other issues in the case.
We cannot agree with the interpretation offered by the Second Circuit in Parks. Its interpretation of article 1813 would render it almost totally useless. In effect the trial judge would be allowed to use additur and remittitur only to correct a judgment which had incorrectly included or excluded an item of damages, or to correct errors in calculation. (See C.C.P.1951 concerning modification of judgments). The interpretation of C.C.P.1813 by the Parks court is contrary to the purpose of the article, which is to avoid unnecessary new trials. Under the Parks decision, the trial judge would have no alternative to ordering a new trial if he finds the verdict is grossly inadequate or excessive, a power which he already has even in the absence of article 1813. See C.C.P.1972, 1973.
The second conflict between the appellate courts in the area of additur and remittitur involves the proper scope of review by the appellate court. The First Circuit Court of Appeal held in Sukker v. Newsom, supra, that if the trial judge's amended award and the award made by the jury are both within the range of discretion of the trier of fact under C.C.1934 (see Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963)), then the trial judge's award was an abuse of his discretion and the jury award is therefore reinstated. This approach to appellate review is incorrect, since it ignores the power of the trial judge to award a new trial. If the result of an appeal is to ignore the trial judge's additur or remittitur, reviewing the award exactly as it would be reviewed without the trial judge's intervention, then the use of additur and remittitur is meaningless. The Third Circuit recognized this fundamental principle of appellate review in the instant case:
"Bearing in mind the rules announced by the cited authorities, we conclude that our review of the trial court's action is to determine whether there was a clear abuse of his wide discretion in ordering either additur or new trial in this case. "We are aware that our holding is contrary to the thoughtful opinion by Judge Hall of the Second Circuit in Parks v. Liberty Mutual Ins. Co., 291 So.2d 505 (La.App. 2 Cir. 1974). In that case, it was concluded that it is impossible for the trial judge to separately and fairly ascertain the amount of damages to parents for the loss of a child. However, the Second Circuit proceeded to find that the appellate court could determine the proper amount of damages to be awarded, presumably separately and fairly ascertaining the amount in question. There is a fallacy in the logic of the procedure used, in our opinion.
. . . . . .
"We have adopted the view that the trial judge can fairly and separately determine whether the amount of general damages is so inadequate as to require additur or new trial. We continue to hold that view.
"Thus, we find that it is necessary only to review the final amount of the judgment to determine whether it is within the `much discretion' contemplated by LSA-C.C. Art. 1934.

*140 "The argument has been made that the appellate court must examine only the award made by the jury and if it is within the range of discretion, then the additur must be ignored, the thought being that to do otherwise is to impair the `integrity of the jury verdict.' Sukker v. Newsom, 264 So.2d 228 at 230 (La.App. 1 Cir. 1972); Robison v. Garnett, 238 So.2d 58 (La.App. 1 Cir. 1970).
"However, this argument is not persuasive because an integral part of the jury system is the trial judge who, among other functions, hears all the witnesses, views and rules on the admissibility of all the evidence, instructs the jury, and determines whether the verdict is in accord with the law and evidence. He is in a position to determine whether the award is so inadequate as to require his action.
"As the Louisiana Supreme Court has recently observed:
`The judge already has the power to set aside a jury decision with which he is not in accord . . .' Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974)." (306 So. 2d 355, at 359-360).
We agree with the reasoning of the Third Circuit and therefore hold that, on appeal, review should be limited to the final judgment of the court, reflecting the additur or remittitur, to determine if that award is within the "much discretion" contemplated by C.C.1934.
A review of the Louisiana jurisprudence reveals the confusion presently existing on the additur-remittitur device. In Spizer v. Dixie Brewing Co., 210 So.2d 528 (La.App. 4th Cir. 1968), the jury awarded the plaintiff $150,000 in general damages. The judge ordered a remittitur of $75,000 or a new trial. Plaintiff accepted the remittitur, reserving his right to answer any appeal by defendant. The defendant appealed, and plaintiff answered the appeal, seeking an increase in the reduced award. On a motion to dismiss the plaintiff's answer, the court held:
"Clearly it would be inequitable to allow the defendants to seek a further reduction of the award by appeal and at the same time deny plaintiffs the equivalent right of seeking an increase by way of answer to that appeal. See Plesko v. City of Milwaukee, 19 Wis.2d 210, 120 N.W. 130, 16 A.L.R.3d 1315. This is especially true in Louisiana (it appears to be the minority view in the common law states) where the effect of the denial of a new trial is less disadvantageous to either litigant than it is in many other jurisdictions. For in this state the appellate courts review both the law and the facts and, upon proper showing, have the authority to grant greater or lesser awards than did the trial judge or jury." (210 So.2d 528, at 530).
Under our decision today, this holding is correct. When the defendant appeals a judgment, the plaintiff, who has accepted a remittitur in lieu of a new trial, can answer the appeal, seeking an increase in the award. This is not unfair to the defendant, because the award up for review is that of the judge, not the jury, in determining whether the award is within that discretion contemplated by article 1934 of the Civil Code.
In Robison v. Garnett, 238 So.2d 58 (La.App. 1st Cir. 1970), the jury awarded the plaintiff $225,718 in damages. On defendant's motion for a new trial, the court, as an alternative, ordered a remittitur of $90,000. Plaintiff accepted the remittitur under protest and with reservations of his rights to appeal or answer defendant's appeal. The defendant appealed and plaintiff answered that appeal and also appealed himself, seeking a reinstatement of the jury verdict. In denying defendant's motion to dismiss plaintiff's appeal, the court held:
"We agree with the ruling in Spizer and hold that the restrictive acceptance of *141 the remittitur with full reservation to appeal or to answer any appeal that might be entered by the defendants is not such an acquiescence in a judgment that would preclude an appeal under C. C.P. Article 2085. Assuming arguendo, that plaintiff cannot accept a remittitur under protest and then appeal, plaintiff has answered defendants' appeal and by virtue of such answer may seek any redress as though he had in fact appealed. C.C.P. Article 2133." (238 So.2d 58, at 59).
Under our decision today, the plaintiff could not have taken an appeal from the judgment reflecting a remittitur which he accepted in lieu of a new trial. Plaintiff is limited to answering an appeal by the defendant; if the defendant chooses not to appeal, plaintiff cannot appeal seeking a review of the award. It is of no matter that plaintiff accepts the remittitur under protest and with full reservation of his rights. By accepting the remittitur, plaintiff abandons the right to appeal the quantum issue. Therefore, we disapprove of language in Robison indicating that plaintiff could appeal the quantum issue.
In Sukker v. Newsom, supra, the jury awarded plaintiff $16,500. Plaintiff moved for a new trial, and the judge offered an additur of $3,500 as an alternative. The defendants accepted the additur, reserving their right to appeal from the judgment. On appeal, the First Circuit ordered the jury verdict reinstated. Under our decision today, this is incorrect. The defendants, by accepting the additur in lieu of a new trial, abandon the right to appeal the issue of quantum. Sukker v. Newsom, supra, is overruled.
In Parks v. Liberty Mutual Insurance Co., supra, the jury awarded plaintiffs, husband and wife, $78,300 and $75,000, respectively. Defendants moved for a remittitur or a new trial, and the judge ordered a new trial, unless plaintiffs consented to remittiturs of $50,000 each. Plaintiffs accepted the remitturs, reserving their right to appeal or answer any appeal. The defendants did not appeal the judgment. Plaintiffs appealed. In denying defendants' motion to dismiss the appeal, the court held:
"Defendants urge plaintiffs are precluded from appealing from the judgment of the district court because they consented to the order of remittitur as an alternative to a new trial. Plaintiffs accepted the remittitur under protest and with full reservation of their rights to appeal or answer any appeal. Consent to a remittitur in lieu of a new trial with reservation of the right to appeal does not amount to a voluntary or unconditional acquiescence in a judgment which precludes an appeal under LSA-C.C.P. Art. 2085. . . ." (291 So.2d 505, at 507).
Under our decision today, this was error. Plaintiffs, having accepted the remittiturs in lieu of a new trial, cannot thereafter appeal the quantum issue. Plaintiff can only answer an appeal, should defendant appeal from the judgment, to seek an increase in the reduced award. Parks v. Liberty Mutual Insurance Co., supra, is overruled.
In the instant case, the defendant, after accepting the additur under protest and with reservation of his right to appeal, did in fact appeal the judgment. Logically, under our decision today, his appeal should have been dismissed, because, by accepting the addititur in lieu of a new trial, he abandons the right to appeal on the issue of quantum (the only issue in this case). Nevertheless, because the defendant relied on past jurisprudence which we overrule today, we discuss the merits, to show that the judge's award was not an abuse of discretion.
After the trial judge added $20,000 to the jury award, the plaintiff daughter received a total of $41,000. The plaintiff was injured when the car in which she was a guest passenger ran off of the road near the intersection of Interstate 10 and Louisiana Highway 1111. She suffered compression *142 fractures of the twelfth dorsal and first lumbar vertebrae. These fractures resulted in severe pain at first, gradually diminishing. She was placed in a brace so that the spine would be kept in the proper position. Dr. Meuleman, an orthopedic surgeon, testified that although the girl did not now have damage to the nervous system other than in the immediate area of the fractures, she would likely have problems with nerve pressure in the future. Although the doctor testified that she might require surgery, an earlier report by the same doctor showed that it was unlikely that future surgery would be needed. There is no doubt, however, that the plaintiff will develop pains in her back in the future. She also will develop moderate pain if she engages in any strenuous activity for a considerable period of time. Dr. Meuleman estimated the present disability of the plaintiff at 20%, although at the time of the trial she did not have any mobility restrictions, and he concluded that this disability would gradually increase with time.
Dr. Ardoin, a dental surgeon, also examined the girl after the accident. Dr. Ardoin testified that her four front teeth were loosened by the accident. They had come out of their normal sockets and had been moved down out of line. The doctor indicated that he repaired the teeth by "splinting" them into place. This process involves moving the teeth into place and then restraining them by use of a brace, worn for a month and a half. The doctor testified that when he discharged her from care the teeth were in the proper position, but several of them appeared dead and others had superficial cracks. Dr. Bienvenu, a specialist in root canal work, was called to testify concerning the teeth. He testified that his examination showed that only one tooth was dead after the teeth had been splinted back into place. The doctor performed root canal work on this one tooth and testified that the only future effect of the work would be a discoloration of the tooth.
The young girl took the stand and testified that in addition to the injuries the various doctors testified to, she received cuts on the arms and legs and around her mouth and a swollen neck.
In light of the serious injuries to this young girl, the trial judge was correct in ordering the additur of $20,000. The Court of Appeal was correct in affirming this award.
The judgment of the Court of Appeal is therefore affirmed, and costs are assessed against defendants-appellants.
SUMMERS, J., dissents.
BARHAM, J., does not participate.
NOTES
[1] See C.C.P. 2085. "An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
[2] Fed.R.Civ.P. 59.
[3] Southern Natural Gas Co. v. Roland, 240 La. 471, 123 So.2d 891 (1960); City of Baton Rouge v. Downtown Investment Corp., 290 So.2d 748 (La.App. 1st Cir. 1974); Bailey v. Vinton Nursery, Inc., 285 So.2d 317 (La.App. 3rd Cir. 1973).
[4] Succession of Robinson, 186 La. 389, 172 So. 429 (1936); Foster v. Kaplan Rice Mill, Inc., 203 La. 245, 13 So.2d 850 (1943); Hardy v. Kidder, 267 So.2d 582 (La.App. 3rd Cir. 1972), affirmed 292 So.2d 575 (1973), reversed on rehearing, 292 So.2d 575 (1974); Simmons v. Beauregard Parish School Board, 284 So.2d 668 (La.App. 3rd Cir. 1973); Pate v. Crescent Motors Exchange, Inc., 256 So. 2d 471 (La.App. 4th Cir. 1972); Strobel v. Schlegel, 145 So.2d 664 (La.App. 4th Cir. 1962); Sears, Roebuck and Co. v. Cannizzarro, 142 So.2d 566 (La.App. 4th Cir. 1962).
[5] In the federal courts and in many states additur is not allowed because of the conclusion that it would violate the Seventh Amendment right to trial by jury. Since this rule was announced by the United States Supreme Court in Dimick v. Scheidt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935) (a five-four decision), it has been continuously criticized. Recently the California Supreme Court announced that it would no longer follow Dimick holding that a trial judge has the same power to enter an additur as it does to enter a remittitur. Jehl v. Southern Pac. Co., 66 Cal.2d 821, 59 Cal.Rptr. 276, 427 P.2d 988 (1967). Because many jurisdictions only allow remittitur most of the cases on the question of the effect of consent deal with remittitur. Since Louisiana treats additur and remittitur the same, the cases dealing within this issue in remittitur situations are analogous.
[6] See 16 A.L.R.3d 1327.
[7] For a collection of these cases, see 16 A.L.R. 3d 1327.
[8] Tennessee has allowed an appeal after acceptance of a remittitur by statute since 1911.
[9] The Second Circuit reached this result in Parks v. Liberty Mutual Insurance Co., supra:

"Plaintiffs argue that the amount of excess of a verdict for general damages such as pain and suffering or loss of love, companionship and affection in a personal injury suit or a wrongful death action, cannot be `separately and fairly ascertained', in view of the much discretion allowed to the trier of fact in assessing such damages under LSA-Civil Code Art. 1934(3).
"Although the position urged by plaintiffs has never been raised in any of the reported Louisiana cases dealing with remittitur, all or most of which involved general damages, we believe the position to be sound and well taken." (291 So.2d 505, at 507).