WATSON, Judge
(dissenting):
This application involves an automobile-truck collision case where plaintiff-relator was awarded $800,000 damages by a jury. A principal defense asserted was that the accident was “faked” and that the whole matter is a fraud. A new trial has been ordered by the trial judge for certain assigned reasons.
Relator makes the basic complaint that the trial judge, having granted a new trial, now proposes to have the testimony taken in the original eight-day trial read to a new jury and that this testimony includes that of a witness, one Patricia Lewis, who has since given a statement that her testimony that the accident was "faked” or “rigged” was false and perjured. The trial judge particularly stated that he intends to have the testimony of this witness read to the jury on new trial.
I would grant the writ for two reasons: (1) to review the action of the trial judge in ordering a new trial; and (2) if this court affirms the order granting a new trial, to give guidance to the trial judge with a view to avoiding error in the second trial.

NEW TRIAL

I recognize the proposition that a trial judge may order a new trial in a jury case in the sound exercise of his discretion on a simple finding that the verdict is clearly contrary to the law and the evidence. LSA-C.C.P. art. 1972. There is no such finding here. When, as here, the trial judge undertakes to assign particular reasons for ordering a new trial, I believe that these are subject to review. If, the assigned reasons are not a valid basis for the order of new trial, it should be reversed. In the instant case, the trial court assigned two reasons for ordering a new trial: (1) that a new witness had been discovered; and (2) that the award of damages was grossly excessive under the law and the evidence.
Obviously, the second reason is not valid in that if the award is grossly excessive in the opinion of the trial judge, then his correct procedure was to order a remittitur or, in the alternative, a new trial. Miller v. Chicago Insurance Company, 320 So.2d 134 (La.1975),
As to the discovery of the new witness, the information contained in the application for writs creates serious doubt as to whether the testimony of this witness is relevant and material and as to whether it is merely cumulative. I would grant writs in order that this court might review the *320 testimony of the witness which was taken at the hearing on the motion for new trial.

PROCEDURE AT NEW TRIAL

There is a considerable divergence of views among judges of the appellate courts as to whether requiring parties to undertake multiple trials constitutes irreparable injury.[1] I do not adhere to the position that in every instance the injury is irreparable, but there is no question in my mind that every effort should be extended by the courts on all levels to avoid repetitive trials and especially eight-day jury trials. Therefore, I respectfully suggest that this court should express some guidance to the trial court.
It appears to me that LSA-C.C.P. art. 1978, which provides for the reading of testimony taken at a first trial to the second jury without the calling of witnesses is an unconstitutional denial of due process of law. Perhaps the procedure is satisfactory in a judge trial. However, in a jury trial, the parties, both the plaintiff and the defendant, have the right to have a jury hear and see the witnesses in order to evaluate their sincerity, their demeanor, and their credibility. The trier of fact, the jury, has the initial responsibility of weighing the evidence and judging the credibility of witnesses. Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3 Cir. 1974). In the absence of manifest error their decision is not to be reversed on appeal. Quaere: what is the standard for appellate review when the jury sees and hears none of the witnesses?
The jury’s seeing and hearing the witnesses is a process fundamental and essential to the impartial decision of a lawsuit. If a new trial is ordered in a judge case, the judge has had an opportunity to see and hear the witnesses and needs only to hear the additional witnesses if any. The distinguishing feature is that usually the same judge hears the new trial but a different jury.
I suggest that only if both sides stipulate as to the reading of certain testimony would the mere reading of portions of the transcript to a jury be proper. As to any testimony on which the parties cannot agree, I think the trial court should require them to call the witnesses as they desire. In a situation where witnesses give conflicting statements or withdraw their testimony between the first trial and the new trial, I think that the risk of error and prejudice to one party or the other is too great for the trial judge simply to order all previous testimony to be read to a new jury. I think the only safe procedure is to require the parties to call witnesses as to testimony they cannot agree should be read.
For these reasons, I respectfully dissent from the refusal to grant writs.

. Witness the problems created by denial of writs in State Department of Highways v. Mims, 311 So.2d 914 (La.App. 3 Cir. 1975).