*1280 MOTION TO DISMISS
KING, Judge.
The defendant-appellee, Ford Motor Company, moves to dismiss the appeal of the plaintiff-appellant, William Arthur Karl, on the grounds that the plaintiff having accepted a remittitur of the damages awarded him in the trial court has no right to appeal the reformed judgment.
The trial court signed a final judgment on November 12, 1985, finding the mover, Ford Motor Company, liable to the appellant, William Karl, in the amount of seven hundred forty eight thousand forty six and 3/100 ($748,046.03) dollars, as well as liable to Mrs. Karl and their children, the other appellants in this suit. Mover then timely filed a motion for a judgment notwithstanding the verdict on the issues of quantum and liability, or alternatively a remittitur, or a new trial, as to all issues, or if the court deemed it appropriate, a new trial only as to the issue of quantum. The trial court, after oral arguments, ordered a new trial as to the issue of quantum, unless the appellant, Mr. Karl, agreed to a remittitur of two hundred thousand dollars ($200,-000.00). Appellant agreed to the remittitur “under protest”, thus effectively reducing the original judgment of seven hundred forty eight thousand forty six and 3/100 ($748,046.03) dollars to five hundred forty eight thousand forty six and 3/100 ($548,-046.03) dollars. The reformed judgment was signed on February 28, 1986. The appellant, Mr. Karl, along with the other members of his family, included in the trial court’s judgment, appealed devolutively to this court to increase the damages awarded them. Mover has filed this motion to dismiss only as to Karl’s appeal.
Mover’s argument is based on the Louisiana Supreme Court’s decision in Miller v. Chicago Ins. Co., 320 So.2d 134 (La.1975). In that case, the court held that a party accepting a remittitur of the damages awarded to him can not thereafter appeal the issue of quantum, unless the party in whose favor the remittitur was granted appeals. This holding, however, has been legislatively overruled by Act No. 59 of the Louisiana Legislature, which was promulgated in 1984. The act amended LSA-C. C.P. Art. 2083 to read:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from, a judgment reformed in accordance with a remittitur or additur under Article 1814.
The plain language of the article specifically allows an appeal from a judgment reformed in accordance with LSA-C.C.P. Art. 1814. One can only conclude that the specific inclusion of the remittitur and addi-tur language is to overrule the Miller decision. Mover’s argument, that this specific language only identifies a reformed judgment as final, is not persuasive in the face of the article’s plain language.
As LSA-C.C.P. Art. 2083 specifically allows an appeal from a judgment reformed in accordance with a remittitur or additur under Article 1814, the appellant, William Karl, is entitled to appeal the reformed judgment signed on February 28, 1986. Accordingly, mover’s moton to dismiss is denied, at its cost.
MOTION DENIED.