KNOLL, Judge.
MOTION TO DISMISS
The defendant-appellee, Transit Casualty Company, et al, moves to dismiss the un-lodged appeal of the plaintiff-appellant, El-ridge Bazare, on the grounds that the appellant does not have a right of appeal, having chosen to accept a new trial in lieu of a remittitur under LSA-C.C.P. Art. 1814.
A civil jury trial was held and judgment rendered in favor of the plaintiff-appellant. The trial judge signed a judgment in conformance with the jury’s verdict. Subsequently, the defendant-appellee filed a motion for a new trial pursuant to LSA-C.C.P. Art. 1971, and a motion for remittitur or a new trial under LSA-C.C.P. Art. 1814. The trial court granted defendant’s motion for a remittitur, however the plaintiff rejected the remittitur and opted for a new trial. The plaintiff-appellant filed this appeal complaining of the trial court’s entering of a remittitur, and the granting of a new trial. The defendant-appellee subsequently filed the instant motion to dismiss.
The issue is whether the plaintiff can appeal the trial court’s action of granting a new trial, when the plaintiff has rejected a remittitur in the defendant’s favor.
The court’s recent decision in William Arthur Karl, et al. v. Amoco Production Company, 492 So.2d 1279 (La.App. 3rd Cir.1986) held that a plaintiff accepting a re-mittitur has a right to appeal. This decision was based on a recent amendment to LSA-C.C.P. Art. 2083 that overrules Miller v. Chicago Ins. Co., 320 So.2d 134 (La.1975), which held that a plaintiff accepting a remittitur has no right to appeal unless the defendant appeals. The decision in Karl, supra, does not stand for the proposition an appeal lies if a remittitur is rejected by the plaintiff, and a new trial is granted.
LSA-C.C.P. Art. 2083 provides:
JUDGMENTS APPEALABLE:
An appeal may be taken from a final judgment rendered in cases in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remit-titur or additur under Article 181 j. (Emphasis added)
In this case, there is no final judgment reformed in accordance with a remittitur. The trial court has granted a new trial which is a non-appealable interlocutory judgment.
Whether the granting of a new trial is via LSA-C.C.P. Art. 1814, or LSA-C.C.P. Art. 1971 makes no difference as to the appealability of the granting of a new trial. Under both articles, the grant of a new trial can be as to all issues, or only to some, therefore the effect of granting a new trial under either article is the same, and there is no right to appeal under either article.
Appellant will be able to appeal after a new trial is held, so appellant has not lost his right to appeal.
It should also be pointed out that had appellant accepted the remittitur, he could have appealed the judgment and argued for a reinstatement of the jury’s damage award in the appellate court. LSA-C.C.P. Art. 2083. See William Arthur Karl, supra.
As the grant of a new trial pursuant to LSA-C.C.P. Art. 1814 is a non-appealable interlocutory judgment, the plaintiff-appellant’s rejection of a remittitur does not entitle him to an appeal. The motion to dismiss is granted, and accordingly, appellant’s appeal is dismissed at his cost and this matter is remanded to the trial court for a new trial.
APPEAL DISMISSED AND MATTER REMANDED.