NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1145

TODD AUBREY

VERSUS

ZURICH AMERICAN INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-2403-B
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and James T. Genovese, Judges.

APPEAL DISMISSED.

James Ray Morris
Fraser, Morris & Wheeler
Post Office Box 4886
Lake Charles, LA 70606-4886
(337) 990-0256
COUNSEL FOR DEFENDANTS/APPELLEES:
    Zurich American Ins. Co.
    Stine, LLC
    Casey Roy

**Archie Paul Joseph**
**Post Office Box 1283**
**Breaux Bridge, LA 70517**
**(337) 332-5287**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Todd Aubrey**

**GENOVESE, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff/Appellant, Todd Aubrey, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory order. For the reasons assigned, we hereby dismiss the appeal.

This case arose out an automobile accident which occurred in Lafayette, Louisiana, on April 25, 2007, when Appellant's vehicle was allegedly struck by a vehicle being driven by Casey Roy and owned by Mr Roy's employer, Stine, L.L.C. Appellant and his guest passenger, Marie Dalcourt, filed a personal injury suit against Mr. Roy, Stine, L.L.C., and Zurich American Insurance Company. Ms. Dalcourt's claim was tried by bench trial, and Appellant's claim was tried by a jury. The jury rendered a verdict finding that Appellant had been injured in the accident and that Defendants were liable to him for $10,483.00 for past medical expenses. However, the jury did not award Appellant any money for general damages, future medical expenses, loss of enjoyment of life, and loss of earning capacity. On January 5, 2011, the trial court signed a judgment adopting the jury's verdict, and the notice of judgment was mailed on February 9, 2011. On February 10, 2011, the judgment was amended in order to remove the assessment of an expert's fees, and notice for the amended judgment was mailed on February 23, 2011.

On February 16, 2011, Appellant filed a motion for judgment notwithstanding the verdict, and a contradictory hearing was scheduled for May 16, 2011. On May 16, 2011, the trial court signed a judgment denying the motion for directed verdict, but granted a new trial on its own motion. The notice of judgment for that ruling was mailed on May 16, 2011.

On June 28, 2011, Appellant filed a motion for devolutive appeal wherein he indicates that he seeks to appeal both a judgment signed on January 3, 2011, as well as the judgment signed on May 16, 2011. The trial court signed the order of appeal on

June 30, 2011. The appeal record was lodged in this court on September 15, 2011. As stated above, upon the lodging of the record in this appeal, this court issued a rule for the Appellant to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment.

In his response to this court's rule to show cause order, Appellant asserts that this court should allow the appeal to proceed. Appellant notes that his case was tried by a jury and that a judgment was rendered on the merits of the case. Appellant asserts that once the trial court denied his motion for judgment notwithstanding the verdict, the judgment on the merits became a final, appealable judgment. Also, Plaintiff contends that he should be permitted to appeal the judgment denying his motion for judgment notwithstanding the verdict because he will suffer irreparable harm if that judgment is allowed to stand.

One of the judgments which Appellant seeks to appeal is the judgment rendered by the trial court on May 16, 2011. In that judgment, the trial court denied Appellant's motion for judgment notwithstanding the verdict, and the court also granted a new trial on the court's own motion. This court has held that a judgment which grants a motion for a new trial is a non-appealable, interlocutory judgment. *Bazare v. Transit Cas. Co.,* 494 So.2d 1386 (La.App. 3 Cir. 1986). This court has also held that a judgment denying a motion for judgment notwithstanding the verdict is an interlocutory, non-appealable judgment. *Regan v. Bandeaux,* 532 So.2d 418, (La.App. 3 Cir. 1988). Since the judgment rendered in the instant case on May 16, 2011, both grants a new trial and denies a motion for judgment notwithstanding the verdict, we hold that the judgment is interlocutory and non-appealable.

In his motion for appeal, Appellant indicates that he also seeks to appeal a judgment rendered and signed by the trial court on January 3, 2011; however, the record does not contain a judgment that was signed on January 3, 2011. Rather, it appears that Appellant is actually seeking to appeal the judgment on the merits which

2

was actually signed by the trial court on January 5, 2011. However, as noted above, the trial court has granted a new trial. The jurisprudence has held that the granting of a new trial sets aside the original judgment, and, thereafter, the original judgment cannot be used as a basis for an appeal. *In Re Transit Management of Southeast Louisiana, Inc.*, 04-0632 (La.App. 4 Cir. 10/20/06), 942 So.2d 595. Accordingly, in the instant case, because a new trial has been granted, we find that we do not have jurisdiction to entertain an appeal from the underlying judgment on the merits.

For the foregoing reasons, we dismiss the appeal at Appellant's cost. Also, we find that Appellant cannot be permitted to file an application for supervisory review of the interlocutory judgment rendered on of May 16, 2011, because Appellant's motion for appeal was filed too late to be considered a timely-filed notice of intent to seek a supervisory writ pursuant to Uniform Rules—Courts of Appeal, Rule 4–3.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
    Rule 2–6.3 Uniform Rules, Court of Appeal.