CRICHTON, J.,
would grant and assigns reasons:
IH disagree with the Court’s 4-3 decision to deny the writ application of defendants, Kohl’s Department Stores, Inc., Diversified Maintenance Systems, LLC, Tyler Lee, and Juana Martinez, and would grant and order a remand to the court of appeal, so that it can consider the trial transcript and review the trial court’s grant of a new trial.
The granting or denying of a motion for new trial rests within the discretion of the trial court, however, that discretion is not without limits. While a trial judge may evaluate the evidence without favoring either party, and draw its own inferences and conclusions and evaluate witness credibility to determine whether the jury erred in giving too much credence to an unreliable witness, the trial judge cannot interfere with any verdict with which he or she disagrees. Particularly, a jury verdict cannot be set aside on that the grounds that the verdict is contrary to the evidence if it is supportable by any fair interpretation of the evidence.
Martin v. Heritage Manor S. Nursing Home, 2000-1023, pp. 14-15 (La. 4/3/01), 784 So.2d 627, 637 (emphasis added). Here, in this slip-and-fall case, the jury returned a verdict in favor of defendants. The trial court granted a new trial, citing the lack of credibility of defendants’ primary liability witness and its own conclusion based on viewing the evidence. As we have held, a jury verdict should not be set aside if supportable by any fair interpretation of the evidence.
I ¡/Under the circumstances of this case where a new trial motion is granted, defendants’ remedy is the procedural vehicle of a supervisory writ, see La. C.C.P. art. 2201 (Supervisory writs), not an appeal. See La. C.C.P. art. 2083 (Judgments appealable).[1] And, in this instance the court of appeal perfunctorily “denied” the writ without comment and undoubtedly without a review of the record. In light of the standard set forth by Martin and the limited remedy available to defendants, I would grant the writ and order the court of appeal to examine the entire record to determine if the trial court abused its discretion.

. See also La. C.C.P. art. 1841 ("A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.”); VaSalle v. Wal-Mart Stores, Inc., 2001-0462, 10-11 (La. 11/28/01), 801 So.2d 331, 338 (”[H]ad the trial court signed the proposed order granting defendants a new trial, that order would also have been interlocutory and not appealable.”); Miller v. Chicago Ins. Co., 320 So.2d 134, 136 (La. 1975) (“[A]n order granting or denying a new trial is not appealable, but is reviewable under the appellate courts’ supervisory jurisdiction for abuse of discretion.”).