447 So.2d 1195 (1984)
Barry D. LeBLANC
v.
GIBBENS POOLS, INC.
No. 83-CA-619.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Rehearing Denied April 17, 1984.
Writ Denied May 25, 1984.
*1196 Warren G. DeAgano, Jr., New Orleans, for plaintiff-appellee.
Post, Reinhardt & Rougelot, John M. Garic, Metairie, for defendant-appellant.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal arises from a dispute involving the construction of a swimming pool. The trial court found in favor of Barry D. LeBlanc, buyer-homeowner, and against Gibbens, Inc., the swimming pool contractor, in the amount of $7500. In addition, the trial court awarded $150 for an expert fee and $1500 for attorney fees. From this judgment, Gibbens Pools, Inc. suspensively appeals. We affirm.
There are three issues:
(1) Was there a breach of the contract?
(2) Did the trial court abuse its discretion in its award of damages?
(3) Did the trial court commit error in not granting a hearing on a motion for a new trial?
Barry D. LeBlanc contracted with Gibbens Pools, Inc. to build a pool eight feet in depth. A provision of the contract includes a clause which allowed Gibbens Pools to stop excavation at six feet if a "serious cave-in" is eminent. Gibbens Pools constructed a pool with a depth of six feet, 10 inches.
Gibbens Pools contends it did not breach its contract to build an eight foot pool because the contract's limitation clause is applicable. The pertinent provision states:
Due to soil conditions in some limited areas, Gibbens Pools, Inc. has the option to stop excavation at six feet in the deep end in the event a serious cave-in is eminent. If the before mentioned occurs buyers with depths over six feet in contract will receive liquidated damages from Gibbens Pools, Inc. in the amount of $150 plus cost of diving board if in contract.
The record reflects on April 26, 1982, Gibbens Pools began excavation. Mr. Gibbens testified on that date a foot of water was in the yard behind the LeBlanc home. According to Gibbens, as digging of the pool continued, water began rushing into the pool cavity. He further explained he put shells in the bottom of the pool to hold the weight of the pool down and to keep the bottom from coming up. He testified he told Mr. LeBlanc several times his company would not be able to construct the pool with an eight foot depth. In addition, Mr. and Mrs. LeBlanc admitted the hole was "mucky." Mrs. LeBlanc described what she saw in the hole as appearing like "mud, mucky mud," "like clay."
The LeBlancs' expert in construction of pools, John A. Tedesco, testified he constructed a pool across the street from the LeBlancs with no difficulties. He also stated his company had constructed pools near the LeBlanc home with no difficulties as to the depth. He further stated he had never stopped excavation of a pool nor had he ever not met the depth required by the contract. It was his opinion if an excavation problem related to depth occurs, it could be remedied by an application of additional concrete to the hole; however, he admitted he had pool walls which had fallen in.
In order to determine whether there was a breach of this contract, the trial court was called upon to consider whether the conditions were present which allowed the performance of the obligation of building a six foot pool. If a cave-in was eminent, the contractor could fulfill its obligation to do by building a six foot pool at his option.
After hearing testimony and allowing post-trial memorandum to be filed, the trial court concluded the special limitation clause of the contract did not apply. In its *1197 reasons for judgment, the trial court stated:
The defense witness, Mr. Gibbens, testified that after he had dug to a depth of nine feet, he decided to stop because it would be impractical to go deeper since the walls would force the bottom of the pool up. This testimony did not satisfy the court of an eminent serious cave-in which would have allowed him to stop at his option and pay liquidated damages of $150.
Because the trial court made the factual determination that a cave-in was not eminent, the limitation clause allowing construction of a six foot instead of an agreed upon eight foot pool did not apply. Consequently, the court found a breach of the contract, and in accordance with statutory authority, the plaintiff was entitled to damages under article 1926 et seq. of our Civil Code. We recognize the trial court is in a better position to evaluate live witnesses. We further recognize the proper allocation of trial and appellate functions; therefore, this court will not disturb this finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). We find no manifest error in the trial court's finding.
Addressing the second issue of whether the trial court abused its discretion in its award for damages, we note Mr. Tedesco's calculations as to the amount required to repair the pool to a depth of eight feet. He provided a figure of approximately $17,000. In contrast, when Mr. Gibbens was asked the cost to repair the LeBlancs' pool, he estimated the costs of repair to be $3500 with a 12 percent profit and a 10 percent overhead. The court concluded LeBlanc was entitled to damages for breach of contract in the amount of $7500 and stated:
There was extremely divirgent estimates as to the cost of correcting the depth of the pool varying from $3500 plus 12 percent to $17,100 plus 40 percent profit and overhead.
Our Louisiana Civil Code article 1934 is applicable to damages for breach of contract. It provides in part: "Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived..." The article continues in part by stating in § 1: "When the debtor has been guilty of no fraud or bad faith he is liable only for such damages as were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract...." (Emphasis added)
Our Louisiana Supreme Court has addressed the question of damages in a contract case and has stated in Hall v. Arkansas-Louisiana Gas Co., 368 So.2d 984, 991 (La.1979):
Actual damages arising from a breach of contract must be proven; they cannot be merely speculative or conjectural.... It must appear reasonably certain that the amount of damages rest upon a certain basis.... The sufficiency of proof of damages must be determined in relation to the particular contract at issue and the circumstances surrounding its breach. The question of the certainty of proof of damages becomes a matter for decision in each individual case.... (Emphasis added.)
In addition a minimal degree of detail or specificity is required in fixing damages. See Campbell v. Lelong Trust, 327 So.2d 533, 536 (La.App. 2d Cir.1976).
We find the trial court had more than a minimal degree of detail or specificity to estimate the damages. It had two different but substantiated estimates. The trial judge stated in his reasons for judgment "the plaintiff had numerous other complaints, the costs of which were not proven to the satisfaction of the court." It is evident that the court discounted certain items of plaintiff's estimate. Therefore, the trial court's determination was not conjectural, and consequently, it did not abuse its discretion in its award for damages.
*1198 In reference to the issue of whether the trial court abused its discretion in not granting a hearing on a motion for a new trial, our Code of Civil Procedure article 1971 states:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
In addition, article 1976 of our Code of Civil Procedure states that notice of a motion for a new trial and the time and place assigned for its hearing must be served upon the opposing party as provided by in article 1314 of our Code of Civil Procedure.
The Louisiana Supreme Court in Sonnier v. Liberty Mutual Insurance Co., 248 So.2d 299, 302 (La.1971) interpreted these two articles as not changing the previous codal authority which did not require a hearing for a motion for a new trial. We further note the case of Gervais v. Falgoust, 285 So.2d 583, 587 (La.App. 4th Cir. 1973) which held a trial court could grant a new trial without a contradictory hearing if it was convinced by the motion that the party is entitled thereto. Therefore, we find the trial court did not abuse its discretion in not granting a hearing on the motion for a new trial.
Other issues have been raised which we find are not relevant.
For the reasons assigned, we affirm the judgment of the trial court. All costs of this appeal are to be assessed against Gibbens Pools.
AFFIRMED.