465 So.2d 178 (1985)
Louis J. ROUGEAU, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, et al., Defendants-Appellees.
No. 84-231.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*179 David A. Sheffield, Alexandria, for plaintiff-appellant.
Trimble, Perry, Smith, Wilson, Foote, Walker, Honeycutt, Alonzo P. Wilson, Alexandria, for defendants-appellees.
Before GUIDRY, FORET and STOKER, JJ.
FORET, Judge.
The plaintiff in this personal injury action has appealed the judgment of additur ordered by the trial court pursuant to the decree of this Court in Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App. 3 Cir.1983), writ denied, 437 So.2d 1149 (La.1983), whereby a judgment notwithstanding the verdict as to the award of damages to the plaintiff was reversed, and the trial court instructed to comply with LSA-C.C.P. Article 1814[1]. The facts of this case are set out at length in our earlier reported case, and it is therefore unnecessary to restate them.
The plaintiff, pursuant to the instructions of this Court, filed a motion for additur in the trial court, which motion was heard and an additur ordered by the trial judge in an amount less than that requested by the plaintiff. The defendant was ordered to consent to the additur within fifteen days or a new trial would be ordered as to the issue of quantum. The plaintiff moved that the award of damages be increased from $736 to $2,944 for lost wages and $750 to $12,500 for general damages for pain and suffering. The trial judge ordered only that the jury award of $750 for general damages be increased to $2,500 pursuant to the additur. The defendant consented to the additur and judgment was rendered accordingly. Plaintiff subsequently filed a motion for a new trial, which was denied by the trial court, and this appeal was taken.
The issues presented by the plaintiff in this appeal are:
(1) That the trial court erred in not granting the plaintiff's motion for new trial on the issue of damages for lost wages and pain and suffering; and,
(2) That the amount of damages awarded by the trial court are manifestly inadequate.
We affirm the judgment of the trial court.

MOTION FOR NEW TRIAL
Plaintiff contends that because he, the mover in the motion for additur, was unhappy with the additur arrived at by the trial court, that he was therefore entitled to a new trial on the issue of damages. With this we cannot agree.
*180 It is our understanding that the party whose consent is required for the additur or remittitur (the aggrieved party) may elect to submit to a new trial. Miller v. Chicago Insurance Co., 320 So.2d 134 (La.1975); C.C.P. Art. 1814, quoted supra at footnote (1). In this case, the defendant is the party whose consent was required because the plaintiff moved for the additur. Since the defendant consented to the additur and therefore elected not to submit to a new trial, then the plaintiff may not seek a new trial on the sole ground that he is dissatisfied with the additur. His recourse is an appeal to this Court to review the award of damages.

QUANTUM
The scope of review in the case of an additur or remittitur should be limited to the final judgment of the trial court, reflecting the additur or remittitur, to determine if that award is within the "much discretion" contemplated by Civil Code Article 1934.[2]Miller, at page 140.
Therefore, we must review the exercise of discretion by the trier of fact in the motion for additur.
In reviewing the evidence presented by the plaintiff to the judge and jury at the trial on the merits, the learned trial judge gave a detailed summary of the medical and lay evidence presented in his reasons for judgment. He noted specifically the testimony of the plaintiff's treating physician, and his summary of the evidence is as follows:
"Dr. R.J. Beurlot, an orthopedic specialist in Alexandria, first saw the plaintiff on September 22, 1981, for complaints of pain in the right shoulder, lower back and right knee. Dr. Beurlot noticed the multiple abrasions over the right arm and right knee. He had previously seen Mr. Rougeau in August of 1980 for complaints of pain in his back and numbness in both legs. The only abnormality found by Dr. Beurlot on September 22, 1981, was from x-rays which showed a spondylolisthesis at the L 4-5 level and sacrolization at the L 5-S1 level. It was this physician's opinion that the spondylolisthesis could have been aggravated by the accident of September 12, 1981. He prescribed a lumbar sacral corset and anti-inflammatory drugs.
"Dr. Beurlot saw plaintiff again on September 29, 1981, at which time he was improved. There was no change in treatment. It was Dr. Beurlot's opinion that plaintiff could not perform heavy manual labor at that time. Plaintiff was seen again by Dr. Beurlot on October 13, 1981, at which time he was more improved. On November 30, 1981, plaintiff's only complaint was about his thumb. On February 18, 1982, plaintiff complained to Dr. Beurlot of pain in his right shoulder, which the doctor diagnosed as bursitis, but the doctor could not relate this to the accident because the shoulder pain had previously subsided. Dr. Beurlot saw plaintiff for the last time on April 15, 1982.
"The record also shows that plaintiff was unemployed at the time of the accident on September 12, 1981, but that on October 1, 1981, he obtained a letter from a prospective employer stating that if plaintiff were able to work he could obtain employment at that time. The record also shows that as of October 13, 1981, Dr. Beurlot found no orthopedic disability which would prevent Mr. Rougeau from returning to work. Moreover, the record shows that plaintiff actually did start work on December 3, 1981, for the employer who wrote the letter, and he has been working ever since. His rate of pay is $368.00 per week."
Based upon that evidence, Judge Culpepper concluded, and we agree, that plaintiff *181 could have returned to work by the 13th of October, 1981, had he requested a written release from Dr. Beurlot to give to his new employer. Therefore, plaintiff did not establish that he missed more than two weeks' work due to the accident. We agree that plaintiff should recover only $736.
Judge Culpepper did find that the jury's award of $750 for the plaintiff's pain and suffering was inadequate, and in raising that amount to $2,500, stated that that was the lowest award which the jury could have reasonably made. We find no abuse of discretion in raising the award to the lowest point reasonably within the discretion of the trial court as that would be the only point to which this Court, on review, could raise an award upon a finding of an abuse of discretion. See Emerson v. Empire Fire & Marine Insurance Co., 393 So.2d 691 (La.1981).
Accordingly, the judgment of the trial court awarding the plaintiff $736 for lost wages and $2,500 general damages for pain and suffering against the defendant, Commercial Union, is hereby affirmed. All costs to be borne by the appellant.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Art. 1814 provides:

"Remittitur or additur as alternative to new trial; reformation of verdict
If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith."
[2] LSA-C.C. Art. 1934 provides, in pertinent part:

"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor."