FORET, Judge.
Paul Luquette filed this strict liability tort suit against the City of Abbeville and the State of Louisiana, through the Department of Transportation and Development (DOTD). Plaintiff settled with the City of Abbeville and its insurer, Hartford Insurance Company, and these parties were dismissed from the suit and are not now before us. The issues before us on appeal involve quantum and sufficiency of the evidence.
Following trial on the merits, the trial court awarded Paul Luquette $1,544 for medical expenses incurred and $30,000 in general damages. Defendant appeals the trial court’s judgment, contending that the $30,000 general damage award was so excessive as to constitute an abuse of discretion. In addition, defendant alleges that plaintiff did not prove, by a preponderance of competent evidence, that his injuries were caused by the defect involved in this case.
FACTS
The facts necessary for the resolution of the issues presented are stated in the trial court’s reasons for judgment, from which we will quote, with some editorializing.
“The accident made subject to this lawsuit occurred on or about January 26, 1983, at approximately six (6:00) o’clock, P.M. Plaintiff, while walking in an easterly direction on the southside of Charity Street in the City of Abbeville, reached the intersection of Charity Street and Guegnon Street. As he stepped down from the curb to cross Guegnon Street, petitioner tripped on an object which protruded from the surface of Guegnon Street. The evidence shows that that object was later described as a rod which came up approximately one and a half to three (IV2" — 3") inches from the curb at the corner of the intersection. “Stipulated to is the fact that the State of Louisiana through the Department of Transportation and Development had supervision and/or control, and/or was responsible for the condition of the site of the accident.
“The medical evidence introduced indicates that plaintiff suffered from a preexisting condition, namely, a ruptured disc which occurred in 1973. [This accident occurred while petitioner was working on a dredge and fell on a pipe. Petitioner has been disabled since 1975.] The injuries, however, which plaintiff received as a result of the instant accident was [sic] more particularly found in his shoulder and the lumbar area. The initial diagnosis was mild lumbar sprain and mild shoulder sprain. In April of 1983, plaintiff was again seen by his treating physician who felt it prudent to send him to a therapist so as to try to prevent the plaintiff from sustaining a frozen shoulder from the pain that he was experiencing. During the visit of April of ’83, the treating physician noted *687 that plaintiff ‘actively has decreased abduction of the right shoulder, bringing it only up to approximately forty (40°) degrees, expressing severe pain from this abduction ... he still expresses pain in the shoulder, and at the present time has decreased range of motion in the right shoulder as compared to the initial exam in which he had full range of motion.’ Plaintiff followed a course of treatment of physical therapy, and while he apparently substantially improved, he still expressed the experience of pain at the time of the trial, more than one (1) year after the date of the injury.”
We affirm the trial court’s decision in favor of plaintiff, and also the amount of damages awarded. We would be remiss, however, if we did not specifically note that in the ease of Harrington v. City of Abbeville, 471 So.2d 1160 (La.App. 3 Cir.1985), plaintiff Harrington fell in the exact same manner, at the exact same location, i.e., the intersection of Charity Street and Guegnon Street, injuring himself in a similar fashion. Obviously then, Harrington is authority for the finding of liability on the part of the Department of Transportation and Development.
As to quantum, we have reviewed the medical evidence, as well as the lay testimony, and being of the opinion that the trial judge is not clearly wrong, and that the amount awarded is adequate, we affirm the award.
Accordingly, the judgment of the trial court is affirmed and all costs are assessed against defendant-appellant.
AFFIRMED.