507 So.2d 263 (1987)
William Auther KARL, et al., Plaintiffs-Appellants,
v.
AMOCO PRODUCTION COMPANY, et al., Defendants-Appellees.
No. 86-496.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Denied June 10, 1987.
*264 Jones, Jones and Alexander, J.B. Jones, Jr., Cameron, for plaintiffs-appellants.
Woodley, Barnett, Etc., E.E. Woodley, Scofield and Assoc, David L. Hoskins, Keith Prudhomme, of Raggio, Cappel, Lake Charles, Michael T. Pulaski, New Orleans, for defendants-appellees.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
A jury found that the plaintiff had suffered a loss of his future earning capacity because of an injury, and in its verdict awarded him $350,000 for that loss. The trial judge disagreed with this award. Reaching different factual conclusions based on his independent evaluation of the same evidence regarding future earning capacity, the trial judge valued the loss at $150,000. He ordered a remittitur of $200,000.
Plaintiff accepted the remittitur and then appealed, as he is permitted to do under La.C.C.P. art. 2083 from a judgment reformed in accordance with a remittitur. The total jury verdict was $748,046.03. The reformed judgment was $548,046.03. On appeal the plaintiff argues that the trial court award is inadequate and that the jury award should be reinstated.
The only real question before us is whose decision it is we are reviewing. Whose decision, the jury's or the judge's, stands sacrosanct, yielding only to the clearly wrong standard, as to findings of fact, and abuse of discretion, as to an award? To decide that question is to decide the appeal, because neither the jury's verdict nor the trial court's reformed judgment is unreasonable if one is accorded appellate deference to the exclusion of the other. Plaintiff suffered a broken leg which at the time of trial had not satisfactorily healed. The medical prognosis was uncertain. Karl's injuries might heal or they might not. There is no question there will be some permanent disability, but whether it will affect his work capacity in terms of years ahead is problematic. Much of his work before the accident was sedentary. He was an experienced technician holding a bench job. But he preferred active outdoors employment, a preference demonstrated long before the accident. The combined effect of his injury, its development, his attitude, the availability of employment, and other factors, were those that had to be determined by the finder of fact before an assessment could be made of his loss. Part of the evidence was the opinion of plaintiff's economic expert, and the trier of fact had to decide what weight should be given to that testimony. Once the underlying facts were found or inferred, the trier of fact had to then exercise its discretion in making an award for loss of future earning capacity. So the ultimate award required first a determination of the underlying facts influencing future earning capacity, and then a calculation of the loss based upon those facts. The standard of review of facts on appeal is that an appellate court should not disturb a finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). The standard of review of the La. Civ.Code art. 1999 "much discretion" granted the trier of fact in fixing damages, as explained by Coco v. Winston Industries, 341 So.2d 332 (La.1976), is that an appellate court should not disturb the award unless there has been an abuse of discretion. There was in this case conflicting testimony. Opinions expressed were uncertain. Credibility evaluations had to be made. Inferences of fact had to be reached. The fate of this appeal, therefore, depends on whether we owe our appellate deference to the reformed judgment of the trial court, or the verdict of the jury. We can affirm either award. We can find no clear error or abuse of discretion in either decision. *265 This brings us back to the first question: Whose decision are we reviewing?
We hold that when the quantum of a judgment reformed by remittitur or additur is challenged on appeal, appellate review is limited to the reformed judgment, and we are bound to affirm absent clear error in findings of fact or abuse of discretion in the assessment of the award. We explain this holding as follows.
Before the 1984 amendment to La. C.C.P. art. 2083, the Louisiana Supreme Court had held in Miller v. Chicago Ins. Co., 320 So.2d 134 (La.1975) that a party who acquiesced in an additur or remittitur as an alternative to new trial could not raise the issue of quantum on appeal except by way of answer if the opposing party appealed the amount of the award. By Act. No. 59 of 1984, the Louisiana Legislature overruled that holding by amending Article 2083 to allow for appeal from a judgment reformed in accordance with a remittitur or additur under La. C.C.P. art. 1814.
There is another holding in the Miller case that limits appellate review in the case of additur or remittitur to the reformed judgment of the trial court. Appellant makes the argument that the Miller holding limiting review to the reformed judgment was also legislatively overruled by the 1984 amendment to Article 2083. According to appellant, since article 2083 now provides for appeal from a reformed judgment, the party accepting the additur or remittitur has the right to seek review of the trial judge's decision to order a new trial or offer an additur or a remittitur. Appellant argues that the effect of the 1984 amendment to article 2083 is that the law would revert to the pre-Miller case of Sukker v. Newsom, 264 So.2d 228 (La.App. 1st Cir.1972). The Sukker case held that the appellate court should review first the jury award and then the reformed judgment of the trial court. Sukker said that if both are within the bounds of discretion of the trier of fact under former Civ.Code art. 1934(3) (now Article 1999) then the trial court's award is an abuse of discretion and the jury award should be reinstated.
The Louisiana Supreme Court flatly rejected the Sukker approach in the Miller case, saying:
"This approach to appellate review is incorrect, since it ignores the power of the trial judge to award a new trial. If the result of an appeal is to ignore the trial judge's additur or remittitur, reviewing the award exactly as it would be reviewed without the trial judge's intervention, then the use of additur and remittitur is meaningless."
The court thereafter affirmed the court of appeal Miller decision found at 306 So.2d 355, quoting the Third Circuit:
`Thus, we find that it is necessary only to review the final amount of the judgment to determine whether it is within the "much discretion" contemplated by LSA-C.C. Art. 1934 [now 1999].'
The Supreme Court then said, 320 So.2d, at 140:
"We agree with the reasoning of the Third Circuit and therefore hold that, on appeal, review should be limited to the final judgment of the court, reflecting the additur or remittitur, to determine if that award is within the `much discretion' contemplated by C.C. 1934 [now 1999]."
Although the holding in Miller limiting a party's right to appeal the issue of quantum in the case of additur or remittitur has been legislatively overruled, the Supreme Court's pronouncement upon the proper scope of review does not rely for its validity upon the court's disposition of the issue of right to appeal in that case. The underlying reasons in Miller are as viable as they ever were. The limitation on the scope of review recognizes and is consistent with the power of the trial court to order a new trial, and, as a condition for not doing so, to allow a party to acquiesce in an additur or remittitur. A trial court order granting a new trial is an interlocutory judgment, reviewable only under appellate supervisory jurisdiction. Miller, supra. Jackson v. Watson, 360 So.2d 582 (La.App. 4th Cir.1978), writ denied, 362 So.2d 1389 (La.1978). The Sukker decision was overruled because not only would it subvert the power of the trial court to *266 order a new trial, but also it would allow the party who opposes the additur or remittitur to question by appeal the propriety of the trial court's decision to order a new trial, thereby allowing that party an appeal from an interlocutory judgment to which it is not entitled. We applied the scope of review rule of Miller in the case of Rougeau v. Commercial Union Ins. Co., 465 So.2d 178, at 180 (La.App. 3rd Cir.1985), after the effective date of the amendment to Article 2083. We held in Rougeau that the scope of review in the case of an additur or remittitur should be limited to the final judgment of the trial court, reflecting the additur or remittitur, to determine if that award is in the "much discretion" of the judge in the assessment of damages.
The trial court in the present case based its award of $150,000 for loss of future earning capacity on its finding that: (1) the work that plaintiff had been trained for and hired to do was sedentary work requiring little physical exertion; (2) the testimony of Dr. Kaestner was that he still believed plaintiff's leg would heal properly in time, and that even if it did not heal properly, plaintiff should be able to return to the type of benchwork for which training and experience suited him; (3) there is industry demand for persons with plaintiff's training in benchwork; (4) and plaintiff's skill in his field had not been adversely affected by his injury. The trial court independently interpreted the evidence to mean that plaintiff was not going to always be disabled, so as to warrant the finding of complete loss of earning capacity which was reflected in the jury award of $350,000 for loss of future earning capacity.
We have given much thought to appellant's arguments based on federal decisions, notably Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033 (5th Circuit 1970), involving the proper standards of appellate review where there has been an intervention by the court in a jury decision of quantum. We respect the arguments, but conclude that, whatever may be the federal standards, here in Louisiana appellate review of a jury verdict reformed by an additur or a remittitur owes no deference to the jury verdict. Both the Supreme Court and Court of Appeal opinions in the Miller case suggest a strong jurisprudential policy of respecting the almost limitless authority of the Louisiana trial judge to grant a new trial. Where as an alternative to a new trial an additur or a remittitur has been ordered and accepted, and an appeal has been taken by the party in whose favor the alternative order was entered, the test applied to the reformed judgment is whether the judge was clearly wrong in his findings of fact, and whether the judge abused his discretion in making an award. In such a case the jury's decision is not considered at all.
Having examined the record carefully, we cannot say that the trial court's findings of fact were clearly wrong, nor can we find any abuse of discretion in the award of $548,046.03.
We affirm the judgment of the trial court. Costs of this appeal are to be paid by appellant.
AFFIRMED.