527 So.2d 1105 (1988)
Mrs. Gail COSIE
v.
AETNA CASUALTY & SURETY INSURANCE CO., et al.
No. CA 870777.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
*1106 Robert Sternfels, Napoleonville, for plaintiff.
John W. Perry, Jr., Baton Rouge, for defendants.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is a suit for damages arising out of the death of a six-year-old child.

FACTS
On April 12, 1986, at approximately 6:15 p.m., defendant Sidney J. Mabile was traveling south on La. Highway 1. As he approached Labadieville in Assumption Parish, Mabile accidentally struck six-year-old Lloyd Cosie who was riding his bicycle on or near La. Highway 1. As a result of the injuries he sustained in the collision, Lloyd Cosie died.
On June 11, 1986, plaintiff, Mrs. Gail Cosie, filed suit for damages against Sidney J. Mabile and his liability insurer, Aetna Casualty & Surety Insurance Company. Defendants answered, denying the allegations of plaintiff's petition and alleging that plaintiff was comparatively negligent. After a jury trial, the jury determined that both Sidney J. Mabile and Gail Cosie were at fault. The jury assessed fault as follows:
(1) Sidney J. Mabile 60%
(2) Mrs. Gail Cosie 40%
The jury also assessed damages at $60,000.00.
Thereafter, plaintiff filed a "Motion to Amend Judgment, Motion for Judgment Notwithstanding Verdict, and Motion for Additur." Attached to plaintiff's motions were the affidavits of seven jurors attesting that the jury's unanimous verdict was:
[T]o award Mrs. Gail Cosie the total sum of SIXTY THOUSAND AND NO/100 ($60,000.00) DOLLARS, after the reduction of her comparative negligence in this case.
It was the determination of the jury that Mrs. Cosie be awarded $60,000.00, free and clear, after all deductions were made for her comparative negligence.
On February 17, 1987, the trial court rendered judgment in pertinent part as follows:
The jury verdict was in favor of the plaintiff and against the defendants; the jury verdict found the defendant, Sidney Mabile, was 60% at fault and plaintiff, Gail Cosie, 40% at fault; the jury verdict awarded total damages in the amount of $60,000.00. In accordance with plaintiff's Motion for Judgment Notwithstanding the Verdict, this Court fixed the total damage award at $100,000.00, and accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that Judgment be rendered herein in favor of plaintiff, Gail Cosie, and against defendants, Sidney J. Mabile and Aetna Casualty & Surety Co., in solido, in the amount of SIXTY THOUSAND AND NO/100 ($60,000.00) DOLLARS, together with legal interest thereon from date of judicial demand until paid. All costs are assessed against the defendants, Sidney J. Mabile and Aetna Casualty & Surety Company.

* * * * * *
Plaintiff's motion for additur is denied; plaintiff's motion for new trial is granted conditionally upon the judgment herein *1107 being hereafter vacated or reversed. The Court specifies that the motion for new trial is conditionally granted on grounds that the jury, according to affidavits filed herein, intended to grant the plaintiff the sum of SIXTY THOUSAND AND NO/100 ($60,000.00) DOLLARS, after having reduced her damage of $100,000.00 by 40%.
From this adverse judgment, defendants appealed, assigning the following errors:
I. The jury was manifestly erroneous in concluding that Mr. Sidney J. Mabile was at fault for the accidental death of six-year-old Lloyd Cosie.
II. Alternatively, the trial judge erred in signing the order granting the Judgment Notwithstanding the Verdict, on the basis of sworn affidavits of jurors.
Plaintiff answered defendants' appeal, contending that the judgment of the trial court was in error. In her answer, plaintiff specifically contended that the jury erred in finding her comparatively negligent and that the judgment awarding damages should be increased.
MOTION TO AMEND JUDGMENT, MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT, AND MOTION FOR ADDITUR
A. MOTION TO AMEND JUDGMENT
LSA-C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Under the provisions of this article, a judgment may be amended where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La. 1978). Further, by its clear terms, this article is applicable to the amendment of final judgments and has no application to reformation of jury verdicts. Conner v. Florida Farm Bureau Casualty Insurance Company, 446 So.2d 383 (La.App. 3rd Cir.1984).
In the instant case, it appears that the trial judge did not render judgment on this portion of plaintiff's motion.
B. MOTION FOR JUDGMENT N.O.V.
The standard for a trial court to follow in granting a judgment N.O.V. is to determine whether, after considering all of the evidence in the light most favorable to the party opposed to the motion, the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the issue. Stafford v. Unsell, 492 So.2d 94 (La.App. 1st Cir.1986); Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.1985), writ denied, 476 So.2d 353 (La.1985). In reviewing the grant of a motion for judgment N.O.V. on the issues of liability and damages, the Court of Appeal must examine the record to determine whether the trial judge's conclusions on liability and quantum were manifestly erroneous. Robertson v. Penn, supra.
In the instant case, the trial judge granted the judgment N.O.V. because he concluded, from the affidavits of jurors submitted by the plaintiff after a verdict was returned, that the jury had erroneously assessed damages. Except for determining whether certain types of irregularities have occurred, the law does not permit inquiry into the thought processes by which a jury reached a verdict. Louisiana Farm Bureau Casualty Insurance Company v. Williams, 476 So.2d 810 (La.1985). Cf. LSA-R.S. 15:470; Code of Jud.Cond. Canon 3(A)(4); State v. Graham, 422 So.2d 123 (La.1982); Conner v. Florida Farm Bureau Casualty Insurance Company, supra. Therefore, we find that the trial court erred in considering improperly submitted affidavits in granting the judgment N.O.V.
C. MOTION FOR ADDITUR AND, ALTERNATIVELY, A NEW TRIAL
LSA-C.C.P. art. 1814 provides:

*1108 If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.
Peremptory grounds for granting a new trial in a jury case are present if it be proven the jury was bribed or behaved improperly so that impartial justice has not been done. LSA-C.C.P. art. 1972(3). Otherwise, the trial judge is granted wide discretion in allowing or denying the motion. LSA-C.C.P. art. 1973. Miller v. Chicago Insurance Company, 320 So.2d 134 (La. 1975); Conner v. Florida Farm Bureau Casualty Insurance Company, supra.
When the quantum of a judgment reformed by additur or remittitur is challenged on appeal (appellate review is limited to the reformed judgment) or when a new trial is granted or denied, we are bound to affirm absent clear error in the findings of fact or abuse of discretion in assessment of the award. Karl v. Amoco Production Company, 507 So.2d 263 (La. App. 3rd Cir.1987), writ denied, 512 So.2d 461 (La.1987); LeBlanc v. Gibbens Pools, Inc., 447 So.2d 1195 (La.App. 5th Cir.1984), writ denied, 450 So.2d 958 (La.1984).
In support of her "Motion to Amend Judgment, Motion for Judgment Notwithstanding Verdict, and Motion for Additur," plaintiff relied solely on the affidavits of jurors to show that the jury was confused in answering the interrogatories. The effect of these affidavits was to impeach the verdict of the jury. As a general rule, a juror cannot be heard to impeach the jury's verdict. Conner v. Florida Farm Bureau Casualty Insurance Company, supra and the cases cited therein.
After carefully reviewing the entire record, we find that the trial judge erred in granting the judgment N.O.V. based on the affidavits of the jurors. However, we are unable to determine whether the trial judge would have granted the judgment N.O.V. based upon the proper standard enunciated in the jurisprudence interpreting LSA-C.C. P. art. 1811 or whether the trial judge would have granted the additur pursuant to LSA-C.C.P. art. 1814.
Louisiana's three-tiered court system allocates the fact finding function to the trial courts. That allocation of function as well as the trial court's normal procedure of evaluating live witnesses require that, under the facts of the instant case, we remand this case to the trial court. The trial judge observed the demeanor of the witnesses and is in a superior position to make the necessary factual findings to determine quantum. Therefore, we find that the interests of justice would best be served by remanding the case to the trial court for the trial judge to consider plaintiff's "Motion to Amend Judgment, Motion for Judgment Notwithstanding Verdict, and Motion for Additur," excluding any consideration of the affidavits of the jurors or any other evidence tending to impeach the jury's verdict. After the trial judge has rendered a judgment based on proper legal considerations, this court can apply the appropriate standard of review (manifest error) to the final judgment rendered.
Because of our finding on this issue, we pretermit any discussion of any other issues raised on appeal.

CONCLUSION
For the above reasons, the judgment of the trial court granting the judgment N.O. V. is reversed. The case is remanded to the trial court for reconsideration of the plaintiff's motions consistent with the views expressed herein. Costs are to await final determination of this case.
REVERSED AND REMANDED.