LABORDE, Judge.
Plaintiff, Patricia Richard, filed suit against Elmo Domingue and his insurer, State Farm Mutual Automobile Insurance Company (State Farm), seeking damages for injuries she received in an automobile accident in Lafayette. Richard later amended her claim to add her UM insurer, American Employers’ Insurance Company (American), as a defendant. Prior to trial, it was stipulated that Domingue’s fault was the sole cause of the accident. Thus, the only issue to be determined by the jury was the extent of plaintiff’s damages. Trial was held and the jury returned a verdict awarding Richard $15,000.00. The trial court subsequently entered an additur of $20,000.00. State Farm appeals this decision. We affirm and amend the trial court’s judgment to include the plaintiff’s $162.50 video deposition charge as court costs.
FACTS
On March 22,1985, Richard was involved in an automobile accident. She was a passenger in the front seat of her vehicle when it was hit in the right rear by Domingue’s car. It was stipulated that the accident was caused solely by the fault of Do-mingue for failure to yield. Richard was taken to the emergency room at Our Lady of Lourdes Hospital. She apparently was unable to walk immediately after the accident. She missed two days of work following the accident.
After trial on the merits, the jury returned a verdict awarding plaintiff $15,-000.00. This award included $10,000.00 for “Physical injury (including physical and mental pain and suffering), disability and loss of enjoyment,” and $5,000.00 for past medical expenses. That verdict was entered on July 21, 1987. The trial court subsequently entered the following order:
“The court being of the opinion that the verdict is so inadequate that a new trial should be granted for that reason only,
IT IS ORDERED, pursuant to C.C.P. 1814, that defendant, State Farm Mutual Automobile Insurance Company, may enter an additur of $20,000.00 to the verdict amount within fifteen days from this date, failing which a new trial shall be granted on the question of quantum.”
The effect of the trial court’s judgment was to increase Richard’s total award to $35,000.00. State Farm agreed to the addi-tur, but reserved the right to appeal that judgment.
ISSUES ON APPEAL
State Farm appeals the trial court’s grant of the additur. It first asserts that this court should not adhere to the standard of review that we recently enunciated in Karl v. Amoco Production Co., 507 So.2d 263 (La.App. 3d Cir.), writ denied, 512 So.2d 461 (La.1987). Even if we do follow Karl State Farm contends that the trial court’s judgment was an abuse of discretion. In her answer to appeal, Richard contends that the trial court’s award was an abuse of discretion, as she claims that the award is unconscionably low. Richard also claims that certain questions asked by defense counsel were improperly allowed by the trial court. In addition, Richard requests damages for frivolous appeal. Richard finally asserts that a bill of $162.50 for a video deposition should have been included as court costs.
STANDARD OF REVIEW
Karl involved a jury award of $350,-000.00 to a plaintiff for loss of earning *799 capacity. The trial judge, evaluating the same evidence considered by the jury, reached a different conclusion. He reduced the award to $150,000.00, by ordering a remittitur of $200,000.00. The issue on appeal in that case, as well as in the present, was stated as follows:
“The fate of this appeal, therefore, depends on whether we owe our appellate deference to the reformed judgment of the trial court, or the verdict of the jury. We can affirm either award. We can find no clear error or abuse of discretion in either decision. This brings us back to the first question: Whose decision are we reviewing?”
Karl v. Amoco, 507 So.2d at 264-265. After a thorough analysis of the issue, we concluded:
“Where as an alternative to a new trial an additur or a remittitur has been ordered and accepted, and an appeal has been taken by the party in whose favor the alternative order was entered, the test applied to the reformed judgment is whether the judge was clearly wrong in his findings of fact, and whether the judge abused his discretion in making an award. In such a case the jury’s decision is not considered at all.”
Id. at 266.
State Farm’s contention on appeal basically mirrors the unsuccessful argument used by the plaintiff in Karl. However, State Farm also points out that there are inconsistencies that exist in the standards of appellate review for a trial court’s grant of an additur or remittitur as compared to a trial court’s grant of a J.N.O.V. on the issue of damages.[1] As to review of a grant of a J.N.O.V. on the issue of damages, the appellate court must review the jury’s determinations. The appellate court must then decide whether the trial court correctly found that reasonable minds could not differ as to the amount of damages awarded. If so, the trial court’s grant of a J.N.O.V. should be affirmed. Otherwise, that decision must be reversed and the jury’s verdict must be reinstated.[2] Thus, State Farm points out that two different standards of review exist in situations where the trial court reforms a jury’s damage award. If the court reforms the award by an additur or remittitur, then appellate review is limited to the question of whether the trial court’s reformation of the award was an abuse of discretion i.e., the jury award is not considered. On the other hand, if the court reforms the award by a J.N.O.Y., appellate review must determine whether the trial court correctly found that reasonable minds could not have differed in determining the quantum of damages i.e., the appellate court does consider the jury award. State Farm bolsters this argument by pointing out that in 1988 the Louisiana legislature in Act 452 repealed LSA-C.C.P. art. 1814 which provided for additur and remittitur as an alternative to a new trial.[3] Thus, the only available mechanism by which a trial court may now reform a jury’s verdict is by a J.N. O.V. The reasonableness of the jury verdict will be decided on appellate review.
Although persuasive, we reject State Farm’s argument. As it points out, there can be no retroactive application of the repeal of LSA-C.C.P. art 1814. Although by repealing the article the legislature may have, in fact, been attempting to remedy the inconsistencies pointed out above, we are bound to apply the law as it existed at the time of the trial court’s decision. Thus, *800 we will apply the standard of review set forth in Karl .[4] This is also the standard set forth by our Supreme Court in Miller v. Chicago Insurance Company, 320 So.2d 134 (La.1975).
TRIAL COURT’S DETERMINATION
State Farm contends that even if we are only required to review the trial court’s judgment in this matter, we should still conclude that the court abused its discretion in increasing Richard’s award to $35,-000.00. It argues that most of plaintiff’s physical problems pre-existed this accident. Conversely, Richard claims that this award is insufficient to compensate her for her injuries. She argues that the lowest reasonable award should be $60,000.00.
Richard had extensive medical problems prior to this accident. Her attorney referred to her as the “classic lawschool ‘eggshell plaintiff.’ ” Richard acquired polio as an infant. She walked with braces until the age of fifteen. After corrective surgery, she was able to walk unassisted, but with a limp. Richard also suffered from scoliosis (curvature of the spine.) She also had problems with arthritis in the neck and lower spine, and had surgery on her left ankle in 1983. Apparently, her last visit to any doctor for treatment of these conditions was about llh years prior to this accident. After the accident, Richard was treated by the emergency room doctor. She was given muscle relaxants and left the hospital in a wheelchair because she was unable to walk. She complained of pain in her hip and lower back. She missed two days of work and then returned using a cane to help her walk. She claims that she will have to use this cane for the rest of her life. After leaving the hospital, Richard did not visit a doctor for about four months. She then made several visits to doctors. She was eventually diagnosed as having a lumbar strain, and her doctors believed that the accident had aggravated her pre-existing conditions.
After carefully reviewing the record, we cannot say that the trial court’s findings of fact were clearly wrong or that it abused its discretion in awarding plaintiff $35,-000.00. Although Richard suffered from numerous physical problems prior to the accident, it is clear that the accident, although a minor one, aggravated her condition. We also reject plaintiff’s contention that the damages awarded were inadequate. We find that the $35,000.00 award was appropriate. See Luquette v. City of Abbeville, 479 So.2d 685 (La.App. 3d Cir.1985).
OTHER ISSUES
Richard next argues that the trial court erred in allowing State Farm’s counsel to ask hypothetical questions to a physical therapist who testified concerning Richard’s condition. These questions specifically concerned the effect that a fifteen pound weight gain would have had upon Richard’s condition. Richard’s objections to these questions were overruled. Richard contends that evidence of this weight gain was not presented until later in trial. Thus, she claims that these questions assumed facts which were not in evidence and served to confuse the jury. We do not find that the trial court’s allowance of these questions was error. We also note that since our review only considers whether the additur awarded by the trial court was an abuse of discretion, any effect that the hypothetical questions would have had on the jury’s quantum award is of no moment in this matter.
Richard also contends that, through an oversight, the trial court failed to include the costs of a video deposition ($162.50) as court costs. A bill for this amount is contained in the record. We agree that these costs should have been included as court costs and amend the trial court’s judgment accordingly.
Finally, we reject Richard’s demand for damages for frivolous appeal. Damages for frivolous appeal are only awarded *801 when it manifestly appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates. Bellard v. Safeway Ins. Co., 442 So.2d 1314 (La.App. 3d Cir.1983). We do not find that to be the situation here.
For the foregoing reasons, we affirm the trial court’s judgment awarding plaintiff $35,000.00 in damages. We also amend the trial court’s award of court costs against State Farm to include the $162.50 video deposition charge. Costs of this appeal are taxed to State Farm.
AFFIRMED AS AMENDED.

. LSA-C.C.P. art. 1811(F) provides:
"The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues.”

. See Webb v. Goodley, 512 So.2d 527, 530 (La.App.3d Cir.1987).

. LSA-C.C.P. art. 1814 provided:
"If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remit-titur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.”

. We note that this standard of review was also recently reiterated by the First Circuit in Cosie v. Aetna Casualty & Surety Insurance Co., 527 So.2d 1105 (La.App. 1st Cir.1988), and Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir.1987).