BYRNES, Judge.
Valerie Wright appeals the dismissal of her medical malpractice action against Dr. Bernard Hirsch; his insurer, Insurance Corporation of America; and New Orleans General Hospital (N.O. General). We reverse and remand for new trial.
On October 25, 1983, Dr. Hirsch inserted an intrauterine device (IUD) known as a Copper-7 (CU-7) into Valerie Wright at the Sub-Specialty Clinic on the third floor of the New Orleans General Hospital. In April, 1984, Dr. James E. Dopson confirmed that Ms. Wright was pregnant and scheduled an ultrasound test to determine the presence of the IUD. However, the ultrasound taken in September, 1984 failed to show the location of the IUD. On October 23, 1984, Mrs. Wright delivered a baby girl at Touro Infirmary. On April 25, 1985 Ms. Wright was admitted in the Emergency Room of New Orleans General and thereafter, on May 2, 1985 Dr. Edward Helm and Dr. Dopson performed an exploratory laparotomy, surgically removed the IUD protruding from Ms. Wright’s rectum, and repaired a recto-vaginal fistula.
On December 13, 1985, Ms. Wright filed a complaint of medical malpractice with the office of the Commissioner of Insurance pursuant to LSA-R.S. 40:1299.41 et seq. A Medical Review Board comprised of Drs. Robert Little, Dwight L. McKenna and Wil *110 liam J. Woessner rendered the following opinion on January 2, 1987:
As to both defendants [Bernard Hirsch, M.D. and New Orleans General Hospital] there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court. The only issue of negligence is whether or not informed consent was obtained from the plaintiff. There are no other issues of negligence apparent to the Panel.
Subsequently, on December 12, 1986, Ms. Wright filed her malpractice action, proceeding in forma pauperis and claiming that Dr. Hirsch negligently implanted the IUD and failed to advise plaintiff of all risks and instructions concerning the use of the IUD. She alleged that New Orleans General was negligent in referring her to Dr. Hirsch and in failing to discover that the IUD was no longer in place. At the close of plaintiffs case at trial in November, 1988, the trial court granted a motion for directed verdict in favor of New Orleans General on the basis that there was no evidence in the record to sustain a judgment against the hospital. Thereafter, the jury returned with a verdict in favor of Dr. Hirsch.
On appeal, Ms. Wright argues that: (1) the plaintiffs history of severe pelvic inflammatory disease (PID) presents an absolute contraindication for insertion of an IUD resulting in negligence ipso facto; (2) the jury erred in finding that informed consent is not required before insertion of an IUD; (3) the trial court erred in granting a motion for directed verdict in favor of New Orleans General; (4) the trial court erred in not allowing testimony of a material witness discovered during trial; and (5) jury misconduct precludes impartial justice and mandates a new trial.
Plaintiffs last claim has merit and pre-termits consideration of the other issues. Ms. Wright asserts that a new trial must be granted under La.C.C.P. Art. 1972(3) based on the contention that juror misconduct was so improper that justice has not been done. The plaintiff avers that a juror considered evidence not submitted to the jury. The trial court considered this issue and denied plaintiffs motion for judgment notwithstanding the verdict, or in the alternative, for a new trial.
Louisiana Code of Civil Procedure Article 1972 provides in pertinent part:

Art. 1972. Peremptory grounds

A new trial shall be granted, upon contradictory motion of any party, in the following cases:
[[Image here]]
(3) When the jury was bribed or has misbehaved improperly so that impartial justice has not been done.
La.C.C.P. Art. 1973 provides:

Art. 1973. Discretionary grounds

A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
In support of her motion, the plaintiffs attorney attached the affidavit of his legal intern stating:
Affiant declared that on November 16, 1988 she polled the jury, more specifically, Gerald G. LaGarde, Jr., in an effort to discover the opinions of the jurors. Mr. LaGarde told affiant that he conducted his own independent research after the jury had recessed for the evening on November 15, 1988. Mr. LaGarde further stated that he read various books, specifically Encyclopedia Britannica for anatomical pictures of the uterus and rectum. Mr. LaGarde read that the uterus was a strong hard muscle able to withstand pregnancy and difficult to puncture.
Mr. LaGarde further admitted his information influenced his verdict and that he actively participated in the jury deliberation conveying his independent research to the other jurors.
As a general rule, affidavits or other testimony of jurors are not admissible to impeach their own verdict. Cosie v. Aetna Casualty & Surety Insurance Company, 527 So.2d 1105 (La.App. 1st Cir.1988); Green v. Dupre, 520 So.2d 761 (La.App. 3rd Cir.1987), writ denied, 522 So.2d 568 (La.1988). Improper behavior of a jury is not specifically defined by statute or jurisprudence but must be determined by the facts and circumstances of each case. LaBorde v. Velsicol Chemical Co., 474 *111 So.2d 1320 (La. 3rd Cir.1985), writ denied, 480 So.2d 738 (La.1986). A new trial is mandated only on a showing that the jury misconduct was of such a grievous nature as to preclude the impartial administration of justice. Gormley v. Grand Lodge of State of Louisiana, 503 So.2d 181 (La.App. 4th Cir.1987), writ denied, 506 So.2d 1227 (La.1987). Otherwise, granting of a new trial is left to the sound discretion of the trial court. Bossier v. DeSoto General Hospital, 442 So.2d 485 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 1122 (La.1984). The possibility that the decision making process was tainted by an outside influence should not be overlooked as insignificant. Willis v. Louisiana Power & Light Company, 524 So.2d 42 (La.App. 2nd Cir.1988), writ denied 525 So.2d 1059 (La.1988).
In this case, a juror reviewed independent information consisting of material from books including an encyclopedia containing anatomical pictures of the uterus and rectum. The juror based his verdict upon his own independent research in addition to the evidence and testimony submitted at trial, which influenced his verdict. He actively conveyed his research to the other jurors during deliberation. We canot find that this jury misconduct is inconsequential. We are convinced that the jury misconduct is prejudicial and is of such a grievous nature as to preclude the impartial administration of justice. La.C.C.P. 1972(3). Considering the circumstances, plaintiff is entitled to a new trial. Accordingly, we reverse and remand for a new trial with all costs of this appeal assessed to defendants-appellees.
REVERSED AND REMANDED.